# COUNTY OF WALDO.

JOSEPH H. KALER *versus* EDWIN BEAMAN *& al.*

A deed of a right of way from the highway to the grantee's mill, gives him no right to pile lumber on the sides of the way.

In a grant of water power, the words "water enough, applied to an overshot wheel, to carry a gang of thirty marble saws, or a six horse power," do not restrict the manner of using the water, but describe the quantity granted.

One having an easement in another's land is bound to use it in such manner as not unnecessarily to injure the other's rights, or he will be liable as a trespasser.

ON REPORT.

TRESPASS *quare clausum fregit*, for cutting plaintiff's flume and encumbering his land with lumber, &c.

The case is stated in the opinion.

*J. G. Dickerson*, for plaintiff.

*N. Abbott*, for defendants.

The opinion of the Court was drawn up by

RICE, J.—December 19, 1845, Joseph Kaler, whose title

the plaintiff now has, conveyed to Daniel Merrill, under whom the defendants claim title, a tract of land in Belfast which is particularly described by monuments, "with the right of a free and open road where it now travels, from the high way" to the described parcel, being a mill privilege; also, the right to draw from said Kaler's flume, when it shall best convene said Merrill, "water enough, applied to an overshot wheel, to carry a gang of thirty marble saws or a six horse power."

By this deed, Merrill acquired title in fee to the land described in his deed, which constituted his mill privilege, and an easement in the land of his grantor of a free and open road, where it was then travelled, from the highway to said mill privilege. This gave Merrill the right to the free and unobstructed use of the road, as a way, for the accommodation of his mill privilege, but not to be used as a place of deposit for lumber or other materials. For all purposes not inconsistent with the grantee's paramount right to use it as a "free and open road," the soil and the beneficial use thereof remaining in the grantor. The defendants, therefore, by piling lumber thereon, without the consent of the plaintiff, were trespassers.

As to the defendants' right to the water. By the terms of the deed they are not restricted in its application to any particular use. The terms of limitation in the deed have reference to the *quantity* to which the grantee is entitled, not to the purposes or uses to which it should be applied. They are entitled to "water enough," that is, sufficient in quantity, "applied to an overshot wheel, to run a gang of thirty marble saws, or a six horse power." *Johnson* v. *Rand*, 6 N. H., 22; *Deshon* v. *Porter*, 38 Maine, 289.

Merrill, by his deed, had the right to draw the specified quantity of water from Kaler's flume, at such point as would best convene himself. But he must exercise that right in a reasonable manner. Though he was authorized to select from what part of the flume he would draw the water to which he was entitled, he would not, in the exercise of that

right, by wantonness or negligence, so conduct as unnecessarily to injure the plaintiff, in the exercise of his remaining rights.

The defendants also have, by the terms of Merrill's deed, a right to the use of one half of the surplus water, over and above what was necessary to carry Kaler's plaster mill and grist mill, and Merrill's thirty marble saws or six horse power. If the defendants in any manner exceeded the above limitations of their rights they would thereby become trespassers, and become liable for so much damage, as they might occasion to the plaintiffs by such excess.

As the case is presented, no questions arise under the contract of Oct. 14, 1854.

The only remaining questions are purely matters of fact, which appropriately should have been presented to a jury. But, as the parties have agreed that we shall settle them upon the evidence reported, to save further litigation and expense, we proceed to do so.

The evidence very clearly shows that the defendants have exceeded their rights, both in the manner in which they have occupied and used this road by incumbering it with lumber, and also, in the quantity of water they have drawn from the plaintiff's flume, without reference to the manner in which the right to draw water has been exercised.

As to the amount of damage which the plaintiff has suffered, necessarily, from the unauthorized acts of the defendants, the evidence is not so distinct as is desirable. At best, from the data we have, it must be matter of estimation, perhaps, to some extent, speculation. The plaintiff claims that he has sustained damage to the amount of several hundred dollars, while the defendants deny that he has received any substantial injury. It was the duty of the plaintiff to make this point clear. It is, however, manifest, from the evidence before us, that he has been damnified to a very considerable amount.

The question of damages, however, is evidently one of secondary importance to the parties. Their respective rights

under their deeds having been settled, the principal object of this suit has been obtained.

*A default must be ordered.—Judgment for the plaintiff for one hundred dollars damages.*

TENNEY, C. J., APPLETON, CUTTING, GOODENOW, and KENT, JJ., concurred.