## INHABITANTS OF TOWN OF NORTH BERWICK

v.

## MAINELAND, INC., et al.

Supreme Judicial Court of Maine.

Nov. 15, 1978.

David L. Brooks, North Berwick (orally), for plaintiff.

William W. Livengood, Augusta, Maine Municipal Association Legal Services, Cabanne Howard, Asst. Atty. Gen., Augusta, amicus curiae.

Robert W. Ferguson, Springvale (orally), for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, DELAHANTY and GODFREY, JJ.

GODFREY, Justice.

Appellant Town of North Berwick brought an action on August 3, 1976, alleging that appellees had violated both the town's subdivision ordinance and the state land subdivision law, 30 M.R.S.A. § 4956. The complaint alleged several unapproved

conveyances of land, sought injunctive relief, and requested the imposition of civil penalties. Appellees' answers admitted that the conveyances had been made but denied the existence of any violation of state or local subdivision law.

At pre-trial conference, the appellees admitted that the conveyances may have violated the North Berwick subdivision ordinance but contended that the ordinance was invalid as a matter of law insofar as it defined "subdivision" more restrictively than the state land subdivision law. Subsection (1) of 30 M.R.S.A. § 4956 defines "subdivision" as "the division of a tract or parcel of land into 3 or more lots within any 5-year period, which period begins after September 22, 1971." However, subsection (1) also provides that lots of forty or more acres "shall not be counted as lots." The North Berwick subdivision ordinance defines "subdivision" similarly but did not, at the time the complaint was filed, provide an exception for lots of forty acres or more.

The presiding justice suggested at pre-trial conference that this issue of law be raised by the appellees by motion for summary judgment. Appellees accordingly filed a motion for summary judgment with supporting affidavit. The appellant did not file a counter-affidavit. Both parties presented memoranda of law. The trial court concluded that North Berwick was prohibited as a matter of law from defining "subdivision" more restrictively than 30 M.R.S.A. § 4956, and ordered summary judgment for the appellees. From that judgment the Town of North Berwick appeals. We conclude that summary judgment should not have been granted and sustain the appeal.

█ The appellees contend that the appeal has been rendered moot by North Berwick's adoption in March, 1978, of a revised definition of "subdivision," parallel to that in 30 M.R.S.A. § 4956, including an exception for lots of forty acres or more. However, the statutory general savings clause, 1 M.R.S.A. § 302 (Supp.1973) is applicable and precludes invocation of the doctrine of mootness.[1] The present appeal is from a decision in a pending action within the meaning of the general savings clause, and the complaint in that action requested the imposition of civil penalties. *See Shapiro Bros. Shoe Co., Inc. v. Lewiston-Auburn Shoeworkers Protective Ass'n*, Me., 320 A.2d 247 (1974).

█ We appreciate the concern of the presiding justice that the interests of judicial economy are advanced by a pre-trial determination of potentially dispositive issues of law. Nevertheless, a critical question of fact was not resolved by the pleadings and affidavit. In order not to be in violation of section 4956 of title 30, appellees were required to show that during the period specified in the statute not more than two of the conveyances were of lots smaller than forty acres. Yet the only reference in either the pleadings or the affidavit to the size of the lots was the following statement in the affidavit: "Due to the size of the parcels conveyed, none of the Defendants are in violation of Title 30, Section 4956." The affidavit does not comply with Rule 56(e), M.R.Civ.P., in that it does not set forth "such facts as would be admissible in evidence." It states only a conclusion of law, purporting to be based on the personal knowledge of the affiant, and is fatally defective in that it makes no mention of the actual size of the lots conveyed. That question has not yet been resolved. Summary judgment may not be granted where there exists a genuine issue of material fact. Rule 56(c), M.R.Civ.P.; *American Policyholders' Ins. Co. v. Cumberland Cold Storage Co.*, Me., 373 A.2d 247 (1977).

█ Since the moving party's affidavit was not legally sufficient, appellant was not required to respond by counter-affidavit.

1. 1 M.R.S.A. § 302 (Supp.1973) provides, in part, as follows:

    "The repeal of an . . . ordinance does not affect any . . . penalty or forfeiture incurred before the repeal takes effect, or any action or proceeding pending at the time of the repeal, for . . . recovery of a penalty . . . incurred under the . . . ordinance repealed."

Rule 56(e), M.R.Civ.P.; *Atkins v. Atkins,* Me., 376 A.2d 856 (1977).

In the absence of a determination of the facts by the Superior Court, we may not properly render what would be, in effect, an advisory opinion on the validity of the town ordinance.

The entry is:

Appeal sustained.

Summary judgment vacated.

Remanded to the Superior Court for further proceedings consistent with this opinion.

ARCHIBALD and NICHOLS, JJ., did not sit.