**RICHARDS REALTY COMPANY**

v.

**INHABITANTS OF TOWN OF CASTLE HILL.**

Supreme Judicial Court of Maine.

Oct. 3, 1979.

Malcolm I. Berman (orally), Houlton, for plaintiff.

Flora & Canders, P. A., Stephen A. Canders (orally), Presque Isle, for defendant.

BEFORE McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

WERNICK, Justice.

Plaintiff Richards Realty Company, a Maine corporation, has appealed from a summary judgment entered on April 23, 1979 in the Superior Court (Aroostook County) adjudicating against plaintiff's claim that it, rather than the defendant Inhabitants of the Town of Castle Hill, had title to 268½ acres of land situated in the Town. The Justice presiding in the Superior Court ordered the entry of summary judgment solely on the basis of one affidavit filed by defendant. In that affidavit the affiant was James E. Collins. He identified himself as the current Town Clerk of the Town of Castle Hill who, "as such", has the

> "custody and control of all records pertaining to the affairs and property of said Town . . . ."

Then, purporting to swear to all matters stated as being within his "personal knowledge", the affiant referred to the "real estate which is the subject of the Complaint in this action" and said: (1) the "period of redemption" of two tax lien mortgages for the tax year 1933, recorded on July 31, 1934 "expired" on January 31, 1936; (2) the Town

> "has since the expiration of said tax liens been in actual possession of said property, claiming to hold it by adverse, open, peaceable, notorious and exclusive possession, in its own right . . . ."

■ We sustain plaintiff's appeal. We conclude that in essential particulars the affidavit of the Town Clerk was legally insufficient for failure to meet the requirements of Rule 56(e) M.R.Civ.P. that it

> "shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

We concentrate on that portion of the affidavit in which the Town Clerk used the word "possession" and the additional modifying words "actual", "adverse", "open", "peaceable", "notorious" and "exclusive." These were the words that brought into play the "forty years' possession bar" provided by 14 M.R.S.A. § 815 [1] on which the presiding Justice relied to conclude that as a matter of law plaintiff's action asserting title to land against defendant Town was "barred."

Even if we assume that these critical words in the affidavit signify conclusions not purely of law but rather of law mixed with fact, the determinative point is that, undeniably, the words have ultimately conclusory import. Thus, were the Town Clerk testifying as a witness at trial, his use of these same words could not be held to be testimony as to "*facts . . . admissible in evidence.*" (emphasis added) More particularly is this so here, where the subsidiary facts involved in the ultimate conclusions span more than forty years (from the expiration of the tax lien mortgage redemption period in 1936 until the making of the affidavit in 1979), and the affidavit states no circumstances that "show *affirmatively*" (emphasis added) that the affiant, the current Town Clerk, could have the kind of continuing personal knowledge of such facts over a period of forty years that would render him "competent to testify" to their existence.

Moreover, the summary judgment cannot be justified on the ground that even if the affidavit was legally insufficient in essential particulars, those particulars were not placed in dispute by the averments contained in a counter-affidavit that plaintiff filed. Plaintiff had no obligation to respond to legally insufficient statements. *Inhabitants of North Berwick v. Maineland,* Me., 393 A.2d 1350 (1978).

The entry is:

1. 14 M.R.S.A. § 815 reads:

   "No real or mixed action for the recovery of lands shall be commenced or maintained against any person in possession thereof, when such person or those under whom he

Appeal sustained.

Summary judgment in favor of defendant vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

Costs allowed to plaintiff.

GLASSMAN, J., did not sit.

claims have been in actual possession for more than 40 years, claiming to hold them by adverse, open, peaceable, notorious and exclusive possession, in their own right."