**Frederick H. GAUTSCHI, III**

v.

**L. Sandy MAISEL.**

Supreme Judicial Court of Maine.

Argued Oct. 5, 1989.
Decided Nov. 8, 1989.

Mark S. Kierstead (orally), Waterville, for plaintiff.

Hugh G.E. MacMahon (orally), Drummond, Woodsum, Plimpton & MacMahon, Wendall G. Large, Richardson & Troubh, Portland, for defendant.

Before ROBERTS and WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

HORNBY, Justice.

The question in this case is whether a statement by a professor serving on an academic tenure committee at a private college was privileged so as to prevent his colleague's recovery of damages for slander. We affirm the judgment of the Superior Court (Kennebec County, *Alexander, J.*) granting summary judgment to the defendant.

In the course of the plaintiff Gautschi's tenure review at Colby College, the tenure committee obtained a letter from a professor Preston at the University of Maryland reviewing Gautschi's scholarly work. As Gautschi contends, the review was "laudatory." During tenure committee deliberations, however, the defendant Maisel stated, according to the affidavit most favorable to Gautschi, that he had talked to Preston and that Preston "had said he didn't really believe strongly in what he had said about Rick [Gautschi] in the letter;

that is, he did not believe—Preston did not believe his work was as good as he had said in the letter; that he didn't rate Rick's output as good as he had expressed because he didn't want to be too hard, didn't want to hurt his feelings, words to that effect." Gautschi sued Maisel, claiming that the statement was false, that he lost his job at Colby College as a result and that Maisel had committed actionable interference with a contractual relationship, slander and intentional infliction of emotional distress. The Superior Court granted summary judgment to Maisel. Gautschi has appealed, challenging only that portion of the summary judgment that relates to the slander count.

■ Gautschi correctly points out that the Superior Court apparently misapprehended the nature of his claim so far as slander was concerned and granted summary judgment because on the affidavits he could not show special damages. Under our case law a plaintiff need not prove special damages to recover general damages for slander when the falsely spoken words impugn his profession, occupation or official status. *See, e.g., Farrell v. Kramer*, 159 Me. 387, 390, 193 A.2d 560, 562 (1963).

■ It is also clear, however, that Maisel enjoyed a conditional privilege in his work as a Colby College employee, engaged in an activity of benefit to his employer in reviewing another employee's credentials for whether he should be granted permanent employment. *See Greenya v. George Washington Univ.*, 512 F.2d 556, 563 (D.C. Cir.), *cert. denied*, 423 U.S. 995, 96 S.Ct. 422, 46 L.Ed.2d 369 (1975); *Restatement (Second) of Torts* § 596 comment d (1977). Although we have not had occasion to speak directly on this employment-related privilege, we have recognized its existence indirectly in reviewing trial court's jury instructions. *E.g., True v. Ladner*, 513 A.2d 257, 262 (Me.1986). This conditional privilege entitled Maisel to immunity for slander unless he abused the privilege—for example by making the statement outside normal channels or with malicious intent. *See Saunders v. VanPelt*, 497 A.2d 1121,

1125 (Me.1985); *see also Greenya*, 512 F.2d at 563; *Restatement (Second) of Torts* § 599 comment a (1977).

■ Maisel's motion for summary judgment clearly established that he was entitled to the conditional privilege unless he abused it. Since Gautschi could not contest that Maisel's status entitled him to the privilege, the burden shifted to Gautschi to come forward with evidence that could go to a jury that Maisel abused the privilege. *Saunders*, 497 A.2d at 1125; *Restatement (Second) of Torts* § 613 comment g (1977). Here the only possible basis for abuse is that Maisel acted with malicious intent, *i.e.*, uttered the slanderous statement knowing that it was false or in reckless disregard of its truth or falsity. But Gautschi offered no evidence by affidavit, deposition or otherwise that Preston had not said the things Maisel reported. Indeed, no statement from Preston was produced. At most Gautschi testified by deposition to what Preston told him. But that was only hearsay, inadmissible as competent affirmative proof of falsehood under M.R.Civ.P. 56 to destroy the conditional privilege Maisel had established.

■ At oral argument Gautschi added a new dimension not raised in his appellate brief nor in his argument filed with the trial court, namely, that he had produced competent evidence of falsehood from Maisel's own statements concerning the number of times Preston had spoken to Maisel. Specifically, he maintains that Maisel has admitted that only one such conversation occurred and that it took place before Preston sent the laudatory letter. Another professor who heard the allegedly slanderous statement, however, asserted by affidavit that Maisel said there was a second conversation. This argument fails for two reasons. First, it was not argued in the trial court and it was not argued in the briefs on appeal. *See Graybar Elec. Co. v. Sawyer*, 485 A.2d 1384, 1388 (Me.1985); *Beckwith v. Rossi*, 157 Me. 532, 540–41, 175 A.2d 732, 734 (1961). Second, the falsehood on which Gautschi focuses is not defamatory. Gautschi had to produce evidence that Maisel knew the slanderous element of his

statement was false (or recklessly disregarded its truth or falsity). *See Restatement (Second) of Torts* § 599 comment a (1977) ("The privilege may be abused because of the publisher's knowledge or reckless disregard as to the falsity of the defamatory matter....").  The assertion that there were two conversations did not slander Gautschi; if anything slandered him, it was Maisel's report of Preston's attitude toward Gautschi's work.  As to that, there is no competent evidence of falsehood.

The entry is:

Judgment affirmed.

All concurring.