[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: SIMULTANEOUS MOTION TO DISMISS AND MOTION TOSTRIKE (#106)
Motion to Dismiss:
The motion to dismiss is denied in its entirety as this court has jurisdiction to hear the claims that arise under state law. The 1992 Cable Act does not preempt causes of action under state law. See 47 U.S.C. § 521, note, P.L. 102-385, § 27,106 Stat. 1503; see also 1992 U.S.C.C.A.N. 1133, 1231, 1283-894; Total TV v.Palmer Communications. Inc., 69 F.3d 298, 300 (9th Cir. 1995). Because this matter involves state law the FCC does not have jurisdiction to hear the action. The FCC is more appropriately conferred with jurisdiction to hear complex technical issues.
Motion to Strike:
The first and second counts of the complaint sufficiently allege several unfair methods of competition which were allegedly conducted the defendants in this state. See General statutes §42-110a(4); § 42-110b(a). "CUTPA, by its own terms, applies to a broad spectrum of commercial activities." Larsen Chelsey RealtyCo. v. Larsen, 232 Conn. 480, 492, 565 A.2d 1009 (1995). Trade or commerce is broadly defined under the provisions of CUTPA, and the entire act is remedial in nature and should be liberally construed in favor of those whom the legislature intended to benefit. Id.
The CUTPA counts allege numerous instances of alleged unfair competition by Time Warner. Judge Nevas stated, at page six of his ruling on the motion to remand to state court, that "Bridgeways incorporates the 1992 Cable Act's must carry provisions as one available criterion for determining whether Time Warner violated CUTPA." The allegations, as set out by the plaintiff, may provide a vehicle for the CUTPA violations to be proven.
In sum, the court finds that the plaintiff has sufficiently alleged facts, which if proven, may rise to the level of a CUTPA violation. See Normand Josef Enterprises, Inc. v. ConnecticutNational Bank, 230 Conn. 486, 522, 646 A.2d 1289 (1995) (stating the three-prong "cigarette rule," which is used as the test for an alleged CUTPA violation). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Mingachos v. CBS. Inc., 196 Conn. 91, 108, 491 A.2d 398
CT Page 3893 (1985).
Finally, the plaintiff's allegations in the third, fourth and fifth counts, which the court must view in a light most favorable to the plaintiff; RK Construction, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994); sufficiently allege causes of action for their respective claims. See Mozzochi v. Beck, 204 Conn. 490,494, 529 A.2d 171 (1987) (abuse of process); Blake v. Levy,191 Conn. 257, 262, 464 A.2d 52 (1983) (tortious interference).
Accordingly, the motion to dismiss and the motion to strike are both denied in their entirety.
RIPLEY, J.