STATE OF MAINE
PENOBSCOT, SS.

DISTRICT COURT
BANGOR
CIVIL ACTION
Docket No. CV-04-405

Ronald Rankin et al.,
    Plaintiffs

v.

Decision and Judgment

Donald Jewett,
    Defendant

FILED & ENTERED
SUPERIOR COURT
AUG 01 2006
PENOBSCOT COUNTY

Hearing on the complaint was held on June 23, 2006.[1] All parties were present with counsel. At issue in this case is the location of a deeded easement that crosses over land located in Hampden and owned by plaintiffs Ronald Rankin and Joyce Rankin, and provides access to an abutting parcel of land located in Hampden and Newburgh and owned by defendant Donald Jewett. For the reasons set out below, the court concludes that the easement is located in part over an existing gravel road that passes near the Rankins' residence and is not located, as they claim, on a different portion of their land. The court also concludes that Jewett's use of the easement does not overburden the servient estate.

The Rankins' property consists of two abutting parcels, a houselot and a backland parcel, that they acquired separately. These parcels are located on the westerly side of Route 69. Both of the Rankins' parcels of land have frontage on Route 69. *See* plaintiffs' exhibit 13. Jewett's property, which is landlocked, abuts the Rankins' property and is located westerly of the latter. The two sections of the Rankins' holdings had been part of a single parcel, from which the houselot was created as an outconveyance in 1971, when the owners, Paul Desveaux and Anita Desveaux (a husband and wife) were divorced. *See* plaintiffs' exhibit 5. Through that transaction, the houselot was conveyed to Anita. The deed creating and conveying the houselot also created an easement over

---

[1] At the outset of trial, the plaintiffs advised that they would not pursue their claim for trespass (count 2). This leaves only their claim for declaratory judgment (count 1). The defendant did not file a counterclaim.

1

the houselot to provide access to the backland, which Paul retained. The easement was described as follows:

> Reserving a right of way 20 feet wide over the above-described parcel of land from Route #69 to property owned by the Grantor. The course of said right of way to follow the road as it now exists about 15 feet past the north side of the house on the above described premises.

*Id.* Later in 1971, Anita conveyed the houselot to one A. David Rapaport, who, the following year, conveyed it to the Rankins. *See* plaintiffs' exhibits 8, 9. In both deeds, the houselot was described in the same way found in the 1971 deed to Anita, and the easement over the houselot was described identically to its formulation in the deed to Anita, quoted above.

In 1973, Paul Desveaux conveyed to the Rankins the land that now constitutes the Rankins' backland. *See* plaintiffs' exhibit 3. (In doing so Desveaux retained a separate parcel that he conveyed to Jewett in 2003. *See* plaintiffs' exhibit 1. This is the parcel that Jewett now owns and that is benefited by the easement at issue in this case.) The deed included the following provisions:

> EXCEPTING AND RESERVING, a right of way twenty (20) feet wide over the above-described parcel of land from Route 69 to the Hampden-Newburgh town line.
>
> . . .
>
> Any and all other rights, easements, privileges and appurtenances belonging to he granted estate are hereby conveyed.

*Id.* The location of the easement is not described beyond the terms of the grant itself.

The 1973 deed from Desveaux to the Rankins purported to convey land that was bounded on the west by the Hampden-Newburgh town line. Subsequent litigation between those parties to the conveyance, however, resulted in a 1996 judgment that reformed the deed's record description of the parcel that was the subject of the 1973 conveyance (i.e., the backland). *See* plaintiffs' exhibit 2. The basis for the reformation was the court's finding that the record description did not accurately describe the land in the way the parties had intended. In pertinent part, the judgment provided that the western line of the parcel was easterly of the Hampden-Newburgh town line. In other words, the parcel, as the parties intended it, did not extend as far westerly as the town

line. The court also correspondingly reformed the description of the easement, so that it would now read:

> Excepting and reserving a right of way twenty (20) feet wide over the above-described parcel of land from said Route 69 to the western line of said parcel.

*Id.*

The Rankins contend that in the 1973 deed, Desveaux extinguished any easement rights that had previously existed over the gravel road that runs close to their house and that is described in the earlier deeds. Rather, they argue, the 20-foot wide easement described in the 1973 deed created a right of way that is located entirely on the backland property, which in fact has road frontage on Route 69. Jewett, on the other hand, argues that the 1973 deed did not change the location of the easement that was located on the gravel road.

From the isolated terms of he 1973 deed as reformed by the court in 1996, it is not possible to establish the location of the easement on the face of the earth. In the record description of the easement's location, the only geographical reference is that it is located "over the above-described parcel of land," i.e., the backland portion of the Rankins' property, which was the subject of the 1973 conveyance. However, that description did not provide that the easement runs *entirely* within the boundaries of the backland. Thus, the deed description of the easement leaves open the possibility that, in addition to crossing over the backland parcel, it also crosses over the houselot parcel. Further, the final portion of the deed language quoted above does not unambiguously mean Desveaux extinguished the easement that had run across the houselot. That provision in the deed only granted "[a]ny and all *other* rights, [and] easements. . .*belonging to the granted estate*. . . ." (Emphases added.) This language would have no extinguishing effect on easements that benefited parcels other than the backland, such as the parcel that Desveaux retained and that Jewett now owns.

Thus, the deed does not include unambiguous language establishing the location of the easement. The limited descriptive language does not even unambiguously establish that the easement is located entirely on the backland parcel. Due to that ambiguity, the court must look to extrinsic evidence to ascertain the intention of the

3

parties. *Jordan v. Shea*, 2002 ME 36, ¶ 14, 791 A.2d 116, 121. Here, the evidence demonstrates that the location of the easement described in the 1973 deed was not intended to be different than the location of the easement that existed previously and that ran near the Rankins' house.

Other than the gravel road that is located near the Rankins' residence, there is no actual road or way that provides access to the land that Desveaux retained and subsequently conveyed to Jewett. It is not reasonable to conclude that a grantor would impose on himself the burden to create a new way in order to gain access to land he already owns, by forfeiting a way that in fact exists. And indeed, after Desveaux conveyed the backland to the Rankins, he (and others who were authorized to use his remaining land) continued to use the existing gravel road regularly for wood harvesting and hunting purposes. This is highly probative evidence that, when he reserved an easement in the 1973 deed, Desveaux had no intention to establish a different location for the right of way that he would use as access to his property. Rather, the easement language in the 1973 deed simply made clear that the easement would now extend over the backland to provide access to the property that Jewett now owns. Such an easement was not necessary until Desveaux conveyed the backland to the Rankins, because Desveaux himself owned all of the pertinent land behind the Rankins' house. With the conveyance of the backland to the Rankins, Desveaux needed a means of access to the land that he retained and that is located on the far westerly side of the backland.

Additionally, the topography of the area of the backland that abuts Route 69 would make it difficult to build a new road that would cross over only that parcel to provide access to the land that Jewett now owns. This circumstance makes it even more unlikely that, with an existing gravel road leading to his property, Desveaux would take on the chore of constructing a new road over difficult terrain.

Thus, the evidence does not reveal that the parties to the 1973 transaction intended to relocate the right of way that had existed previously, and in fact the evidence demonstrates affirmatively that they intended the easement to remain in the same location.

The Rankins next contend that Jewett has overburdened the easement, because he (and others with authority) uses the road more frequently than Desveaux (and those

4

whom he authorized) had used it. A deeded easement is not necessarily unrestricted or unlimited. *See Guild v. Hinman*, 1997 ME 120, ¶ 6, 695 A.2d 1190, 1192. The proper scope of use of an easement is a function of the parties' intent, as revealed by the use of the dominant estate at the time of the grant, the relation of the parties, the circumstances of the affected parcels and the evidence purpose of the grant. *Id.*, 695 A.2d at 1192. The court finds, as a baseline, that Desveaux and other permitted users made use of the road regularly in order to hunt on the property and to cut wood. Between the early 1970's and the early to mid-1990's, there were several major woodcutting operations that lasted roughly three months each. However, on a regular basis from the early 1970's to 2003 or so, family members entered onto the property that Jewett now owns to cut smaller quantities of wood. Thus, the court finds that there has been ongoing use of the road for agricultural and recreational purposes.

The use that Jewett has made of his land, and thus of the road, is similar qualitatively to its past use (that is, agricultural and recreational, as opposed to residential, for example) and is appropriate to the past and present character of that land. *See Beckwith v. Rossi*, 157 Me. 532, 536 (Me. 1961) (the owner of an easement has rights necessary to the proper enjoyment of the dominant estate, to be exercised reasonably). Further, the court finds that although the present use of the easement may constitute something of an increase over its past use, the magnitude of that increase – and the absence of a qualitative change in that use – is not sufficient to create an unreasonable burden on the Rankins' property.

The entry shall be:

For the foregoing reasons, judgment is entered for the defendant. The easement described in the deed recorded at book 2369 page 320 of the Penobscot County Registry of Deeds is located in part over the gravel way, the location of which is described in prior deeds, including a deed recorded at book 2249 page 287 of the Penobscot County Registry of Deeds.

The defendant is awarded his costs of court.

Dated: August 1, 2006

_____
Justice, Maine Superior Court
sitting in Maine District Court
Jeffrey L. Hjelm

5

RONALD RANKIN - PLAINTIFF
1391 CARMEL ROAD NORTH
HAMPDEN ME 04444
Attorney for: RONALD RANKIN
JOSEPH FERRIS - RETAINED 10/18/2004
LAW OFFICE OF JOSEPH L FERRIS PA
120 N MAIN ST
BREWER ME 04412

JOYCE RANKIN - PLAINTIFF
1391 CARMEL ROAD NORTH
HAMPDEN ME 04444
Attorney for: JOYCE RANKIN
JOSEPH FERRIS - RETAINED 10/18/2004
LAW OFFICE OF JOSEPH L FERRIS PA
120 N MAIN ST
BREWER ME 04412

**DOCKET RECORD**

vs
DONALD JEWETT - DEFENDANT
WILLIAMS POND ROAD,
BUCKSPORT ME 04416
Attorney for: DONALD JEWETT
ANTHONY J GIUNTA - RETAINED
PO BOX 735
ELLSWORTH ME 04605-0735

Filing Document: COMPLAINT                   Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 10/18/2004

## Docket Events:

10/18/2004 FILING DOCUMENT - COMPLAINT FILED ON 10/18/2004

10/18/2004 Party(s):  RONALD RANKIN
          ATTORNEY - RETAINED ENTERED ON 10/18/2004
          Plaintiff's Attorney: JOSEPH FERRIS

10/19/2004 CERTIFY/NOTIFICATION - LIS PENDENS CERTIFICATE ISSUED ON 10/19/2004
          GLADYS  GAGNON , ASSISTANT CLERK-E
          ORIGINAL CLERK CERTIFICATE TO ATTY FERRIS (COPY IN FILE).

10/25/2004 Party(s):  DONALD JEWETT
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 10/19/2004
          ON DEFENDANT IN HAND.

10/25/2004 Party(s):  DONALD JEWETT
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 10/22/2004
          Plaintiff's Attorney:  JOSEPH FERRIS

11/01/2004 Party(s):  DONALD JEWETT
          RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 10/29/2004
          Defendant's Attorney: ANTHONY J GIUNTA

11/01/2004 Party(s):  DONALD JEWETT