Edmund S. B. GILLESPIE

v.

Benjamin Conley WORCESTER, Jr.

Supreme Judicial Court of Maine.

July 3, 1974.

barred by the statute of limitations. 14 M.R.S.A. § 753.

Silsby, Silsby & Walker by Herbert T. Silsby, II, Ellsworth, Edmund S. B. Gillespie, Boston, Mass., for plaintiff.

Hale & Hamlin by Charles J. Hurley, Ellsworth, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, ARCHIBALD and DELAHANTY, JJ.

ARCHIBALD, Justice.

This complaint sought to compel the defendant to convey certain real estate owned by him to the plaintiff under the theory that the realty in question was owned by the defendant subject to an option to purchase the same running in favor of the plaintiff. The defendant denied the existence of any legal right by which the plaintiff could compel such a conveyance.

Pursuant to Rule 53(b)(1), M.R.C.P., a Referee was appointed who heard the case "on [the] complaint, answer, agreed facts and argument of counsel," and found in favor of the defendant. The plaintiff seasonably objected to the acceptance of the Referee's report[1] but a Justice of the Superior Court did accept the report and the plaintiff has appealed from this decision. We deny the appeal.

Since the record before us does not contain either the agreed facts or the arguments of counsel before the Referee, we assume that all the facts included in the Referee's report are correct. Thus, we are not concerned with whether the Referee's factual conclusions were "clearly erroneous," but are only concerned with the legal accuracy of his finding in favor of the defendant.

On October 23, 1962, the defendant's father conveyed to the plaintiff's mother certain land in Southwest Harbor. The plaintiff is the successor in title to the land so conveyed to his mother while the defendant is the successor in title to certain remaining land which had previously belonged to his father.

The deed of October 23, 1962, contained certain language out of which the present controversy arises, to wit:

"Together with an option, or 'first refusal', to purchase the remaining land, of Benjamin C. Worcester, from him, or his heirs or assigns, as described in Hancock County Registry of Deeds, Book 846, Pages 422, 424, 426, and 428.

Reference is hereby made to these four (4) deeds, for the title of Benjamin C. Worcester.

This option, or 'first refusal', to convey to the herein Grantee, Mrs. Josephine Burke Gillespie, is subject to the right of Benjamin C. Worcester, to convey to his immediate family, namely, to his children, or to his grandchildren, during the lifetime of the said Benjamin C. Worcester."

The Referee construed the above quoted language to be a "first refusal" and not an option and because the complaint sought to exercise an option to purchase as opposed to the enforcement of a "first refusal" right, the Referee determined that the complaint should be dismissed.[2]

---

1. "In an action where there has been a reference by agreement, the referee's conclusions of law and findings of fact shall be conclusive unless the order of reference reserves to the parties the right to object to acceptance of the referee's report. If such right is so reserved, the court shall accept the referee's findings of fact unless clearly erroneous." Rule 53(e)(2)(i), M.R.C.P.

2. Incidental to this holding, the Referee also observed: "Assuming an obligation on the

The Referee further held that since four years had elapsed between the plaintiff's mother's death and the bringing of the complaint, the agreement, whether it be an "option" or a "first refusal," was ended.

Finally, the Referee used the following language:

"In my opinion, 'this option or "first refusal"' ended on the conveyance of the premises in 1965 by Mr. Worcester to his son, the defendant.

By its terms the agreement was subject to the right to convey from Mr. Worcester to his children or grandchildren. To construe the agreement to mean that the option or 'first refusal' ran against the grantees would deny the very purposes of the clause as I read it.

Mr. Worcester was thus free to convey to his son, without restrictions imposed or sought to be imposed by him for the benefit of Mrs. Gillespie and those claiming under her."

■ The plaintiff's objections to the acceptance of the Referee's report were in such a general language that the only issue left to decide is whether there is a legal basis upon which the report of the Referee may be sustained. From our view of the case we do not deem that an extended discussion dealing with the definitions or limitations of options to purchase and first refusals is warranted. We agree with the conclusion of the Referee that Mr. Worcester, Sr., reserved the right to convey the remaining property to his son without restriction. The conveyance to the defendant effectively eliminated any right which Mrs. Gillespie or her successors in title may have had in this remaining land, whether such right be an option to purchase or a first refusal.

■ The language used in the conveyance is clear and unambiguous. Giving to these words their general and ordinary meaning, they imply neither doubt nor obscurity. It is only when language is ambiguous that resort may be had to established rules of construction. C Company v. City of Westbrook, 269 A.2d 307 (Me. 1970). The Virginia Court tersely stated the rule in this language:

"It is not permissible to interpret that which has no need of interpretation. ' "The province of construction lies wholly within the domain of ambiguity." . . . If it is too plain to misunderstand, there is nothing to construe.' "

Conner v. Hendrix, 194 Va. 17, 72 S.E.2d 259, 265 (1952); 23 Am.Jur.2d, Deeds § 159 at 208.

Our Court has long been guided by the rule of giving common meaning to the words and phrases of an instrument. Machine Makers v. Patents Co., 131 Me. 356, 163 A. 167 (1932); Johnson v. Insurance Company, 131 Me. 288, 161 A. 496 (1932); Union Water Power Co. v. Lewiston, 101 Me. 564, 65 A. 67 (1906).

■ Although dealing with a question of statutory interpretation, under the rule that "words and phrases shall be construed according to the common meaning of the language,"[3] we recently held that

"[g]iving everyday meaning to statutory wording indubitably allows the statute to function as a meaningful guideline to those who fall within the statute's edict."

Shapiro Bros. Shoe Co., Inc. v. Lewiston-Auburn Shoeworkers Association, 320 A.2d 247 (Me.1974). By parity of reasoning, it seems clear that if giving "everyday meaning" to the words of a statute is a proper criterion for determining the statutory meaning against a constitutional challenge asserting the "void for vagueness" doctrine, certainly the same approach is permissible in construing the plain and unambiguous language of a deed.

---

part of the defendant, there is no evidence that defendant has taken any action which would bring a 'first refusal' into play. On this ground, in my opinion, the complaint should be dismissed."

3. 1 M.R.S.A. § 72(3).

The Referee correctly applied these rules when he concluded that Mr. Worcester was "free to convey to his son," and there was no error by the Justice below. when he accepted the Referee's report.

The entry is:

Appeal denied.

WERNICK, J., did not sit.