2007 ME 81

**NORTH SEBAGO SHORES, LLC et al.**

v.

**Barry T. MAZZAGLIA, Trustee of the Mazzaglia Family Trust.**

Supreme Judicial Court of Maine.

Argued: April 11, 2007.

Decided: July 5, 2007.

Chris Neagle (orally), Thomas E. Getchell, Troubh Heisler, Portland, for plaintiffs.

Daniel J. Mitchell (orally), Bernstein Shur, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, CALKINS, LEVY, SILVER, and MEAD, JJ.

MEAD, J.

[¶ 1] North Sebago Shores, LLC [1] (NSS) appeals a judgment of the Superior Court (Cumberland County, *Cole, J.*) granting the Mazzaglia Family Trust's motion for a summary judgment on all three counts of a complaint filed by NSS. The NSS complaint sought a declaratory judgment that a swim line erected by Mazzaglia interfered with its easement rights to an area known as Third Beach, an injunction prohibiting Mazzaglia from interfering with its easement rights in the future, and damages for trespass and nuisance. NSS contends that the trial court erred in its construction of the easement, which it argues is ambiguous.[2]

[¶ 2] The Trust cross-appeals the judgment of the trial court, arguing that although the trial court properly granted its motion for a summary judgment on NSS's complaint, it interpreted the scope of the easement too broadly. In addition, the Trust contends that the trial court erred in denying its motion for a summary judgment on the Trust's counterclaim against NSS for trespass and nuisance.

[¶ 3] We affirm the trial court's judgment granting the Trust's motion for a summary judgment on NSS's complaint, concluding that the language of the easement is unambiguous. We vacate, however, the trial court's judgment regarding the Trust's counterclaim for a declaratory judgment seeking to limit the scope of NSS's easement rights. We likewise vacate the trial court's final order denying the Trust's motion for a partial summary judgment on its counterclaim for trespass and nuisance on the grounds that the order is interlocutory and not a final judgment, and that trespass and nuisance are issues of fact that require an evidentiary hearing before the court.

## I. BACKGROUND

[¶ 4] In 1987, the Patten Development Corporation of Maine created a residential subdivision on the shores of Lake Sebago in Naples known as Lake Sebago Estates. Patten created approximately seventy residential lots, and established common areas on the northern and southern ends of the project. Adjacent to the southern common lot is a series of sandbars known as Third Beach. Although adjacent to the common lot, Third Beach is included within the boundaries of Lot 71, acquired by the Mazzaglia family from Patten in 1990. NSS purchased its lot within Lake Sebago Estates in 1998.[3]

[¶ 5] Included in the deeds recording these conveyances is an easement granting

---

1. NSS is an owner of a lot within Lake Sebago Estates, and is joined in this suit by three other lot owners, Randal E. Millett, Timothy R. Cronin, and Christopher J. Cronin. Unless otherwise specified, all references to NSS within this opinion include all of these lot owners.

2. NSS argues that the trial court erred in granting the Trust's motion for a summary judgment on the grounds that by granting the motion, the court allows the Trust to interfere with NSS's common law right of navigation

and to violate Maine Bureau of Parks and Lands regulations. NSS also argues that the Trust's motion for a summary judgment is precluded by the equitable doctrine of laches. We find no merit in these arguments, however, and do not address them further in this opinion.

3. Millett purchased his lot within Lake Sebago Estates in 1999, and the Cronins their lots in 2001.

lot owners access "to use for sunbathing and swimming in common with others the sandbar area located on other land of the grantor herein situated easterly of the Common Area adjacent to Lot No. 18." The parties do not dispute that the sandbar referred to in this easement is Third Beach. Although the easement provides no additional information regarding the permissible means of accessing Third Beach, there is a pathway that leads from a common area to the beach. The parties, however, disagree on the accessibility of the path.[4]

[¶ 6] Prior to Mazzaglia's purchase of Lot 71 in 1990, the lot owners accessed Third Beach by landing boats on the beach. This practice continued after his purchase, although the Trust contends that the lot owners' actions in doing so were illegal and beyond the scope of their easement rights. In the summer of 2001, Mazzaglia placed a 1200–foot long swim area line in the waters of Sebago Lake across from Third Beach because of what he perceived to be conditions dangerous to swimmers due to the over-crowding of boats beached upon the shoreline.

[¶ 7] In August 2003, NSS organized what it termed a "peaceful protest" of Mazzaglia's actions, by staging a large-scale volleyball match on Third Beach attended by approximately forty people. The Trust contends that lot owners have engaged in all manner of physical and sedentary games beyond the scope of their easement rights, which has resulted in the beach being cluttered by litter, human waste, and remnants of spent campfires.

[¶ 8] NSS filed a three-count complaint, seeking a declaratory judgment that the swim line interferes with their easement rights, an injunction against the Trust from interfering with its easement rights in the future, and damages for trespass and nuisance. Shortly thereafter, the Trust filed a counterclaim, seeking a declaratory judgment that the lot owners' use of Third Beach exceeded the scope of their easement rights, a permanent injunction, and damages for trespass and nuisance.[5]

[¶ 9] The Trust then filed a motion for a summary judgment on all three counts of NSS's complaint, as well as a motion for a summary judgment on its complaint seeking to limit the scope of the easement to swimming and sunbathing only. The Trust also filed a motion for a partial summary judgment as to NSS's liability for trespass and nuisance. NSS filed an opposition to the Trust's motions, but did not file its own motion for a summary judgment.

[¶ 10] The trial court granted the Trust's motion for a summary judgment on all three counts of NSS's complaint, but denied its motion for a summary judgment on its counterclaims. The trial court found the language of the easement to be clear and unambiguous, limiting permissible activity to swimming and sunbathing, without mentioning "boating or boating access to the beach." The trial court also found

4. NSS contends that the pathway is rocky, steep and susceptible to flooding, thereby making it impassable most of the time for people with disabilities such as Millett, who is confined to a wheelchair.

5. The Trust's counterclaim asks the court to permanently enjoin lot owners from: (1) bringing their boats onto Third Beach; (2) using Third Beach for general recreational activities such as playing organized games of volleyball, picnicking, building fires, and other general recreational activities; (3) leaving refuse, such as trash, bottles, cans, the remnants of campfires, and human waste on Third Beach; and (4) overburdening their easement by bringing excessive numbers of guests onto Third Beach.

that the Trust, as owner of Third Beach, was "within its rights to erect a swim area . . . for the protection of swimmers as long as the establishment of a swim area does not infringe upon the easement rights" of NSS, which the court found it did not. The trial court denied the Trust's motion for a summary judgment on its counter-claims, stating:

> Here, the rights incident [*sic*] or neces-sary to the proper enjoyment of sun-bathing and swimming as they are tradi-tionally understood encompass, among other things, walking the beach, reading a book, collecting shells, picnicking, and playing [F]risbee or beach volleyball. While daily 40–person volleyball matches may constitute trespass and nuisance, a one-time event does not. The activities engaged in by [NSS] to this date do not [*sic*] amount to trespass or nuisance.

[¶ 11] In April 2006, NSS filed a notice of appeal and the Trust cross-appealed. Later, the Trust filed a motion to dismiss NSS's appeal, which we granted citing the lack of a final judgment. NSS then filed with the trial court a motion for final dock-et entries to address our concerns. The trial court granted the motion, entering what it described as a final order. The court's final order provided:

> *Count I*
>
> Although the final Order did not specifi-cally delineate the scope of the [NSS's] easement rights, it did declare that "the rights incident [*sic*] or necessary to the proper enjoyment of sunbathing and swimming as they are traditionally un-derstood encompass, among other things, walking the beach, reading a book, collecting shells, picnicking, and

playing Frisbee or beach volleyball." The [c]ourt holds today that the proper of [*sic*] enjoyment of sunbathing and swimming also does not included bring-ing boats on the beach, leaving refuse and remnants of campfires, and bringing excessive numbers of guests onto Third Beach. Accordingly, the [c]ourt has de-clared the scope of [NSS's] easement rights, thus resolving all issues concern-ing count I.

> *Counts II and III*
>
> Furthermore, although Mr. Mazzaglia sought partial summary judgment on the issue of liability for trespass (count II) and nuisance (count III), the [c]ourt's determination that [NSS's] activities did not amount to trespass or nuisance has resolved all issues concerning counts II and III.

> This is the final Order of the [c]ourt in this matter . . . .

These appeals followed.

## II. DISCUSSION

### A. Standard of Review

[¶ 12] We review the entry of a summary judgment for errors of law, inde-pendently viewing the evidence in the par-ties' statements of material facts and any record references therein in the light most favorable to the party against whom the judgment was entered. *Reliance Nat'l In-dem. v. Knowles Indus. Servs. Corp.*, 2005 ME 29, ¶ 7, 868 A.2d 220, 224 (citation omitted). We uphold the grant of a sum-mary judgment only where there is no genuine issue of material fact and the mov-ing party is entitled to a judgment as a matter of law. *Id.* (quotation marks omit-ted); M.R. Civ. P. 56(c).[6] An issue is

---

**6.** M.R. Civ. P. 56(c) provides, in pertinent part:

> Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrog-

atories, and admissions on file, together with affidavits, if any, referred to in the statements required by subdivision (h) show that there is no genuine issue as to any

"genuine" if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial, and is "material" if it could potentially affect the outcome of the case. *Id.* (quotation marks omitted).

[¶ 13] The construction of a deed is a question of law that we review de novo. *Pettee v. Young,* 2001 ME 156, ¶ 8, 783 A.2d 637, 640 (citation omitted). "A court construing the language of a deed . . . must first attempt to construe the language . . . by looking only within the 'four corners' of the instrument." *Id.* (citations omitted). In evaluating the language of a deed, courts should give effect to the common or everyday meanings of the words in the instrument. *Gillespie v. Worcester,* 322 A.2d 93, 95 (Me.1974). If the deed is unambiguous, the court must construe the deed without considering extrinsic evidence; if the deed is ambiguous, however, the court may admit extrinsic evidence of the parties' intent. *Pettee,* 2001 ME 156, ¶ 8, 783 A.2d at 640 (citation omitted).

B. The Meaning and Scope of the Third Beach Easement

1. NSS's Complaint

[¶ 14] NSS argues that the language of the Third Beach easement is ambiguous, and that the proper construction of the easement is a genuine issue of material fact. Therefore, NSS contends, the trial court should have admitted and considered extrinsic evidence of Patten's intent in creating the easement, which it argues is a genuine issue of material fact. *See Crispin v. Town of Scarborough,* 1999

ME 112, ¶ 30, 736 A.2d 241, 250 (concluding that when the language of a deed is ambiguous, courts may admit extrinsic evidence "to ascertain the objectively manifested intention of the parties"). Accordingly, NSS argues that the trial court erred in granting the Trust's motion for a summary judgment on NSS's complaint. We disagree.

[¶ 15] The trial court did not err in determining that the plain, unambiguous language of the Third Beach easement does not encompass the right to access the beach by boat. Rather, the plain language unambiguously limits the scope of the easement to swimming and sunbathing, which cannot be read to include a right to access the beach by boat. Nor can it be said, given the existence of a pathway that leads to the beach, that boat access is incidental or necessary to the proper enjoyment of the Third Beach easement. *See Mill Pond Condo. Ass'n v. Manalio,* 2006 ME 135, ¶ 6, 910 A.2d 392, 395 (providing that the holder of an easement can exercise only the rights granted therein, including those rights incidental or necessary to the proper enjoyment of the easement). Additionally, easement holders remain able to alternatively access the beach by anchoring the boat outside the swim area line and wading in. Because the meaning of the Third Beach easement is unambiguous, the trial court did not err by considering only the "four corners" of the deed and refusing to consider extrinsic evidence of Patten's intent in drafting the easement.

2. The Trust's Counterclaim

[¶ 16] The Trust argues that the trial court erred in denying its motion for

material fact set forth in those statements and that any party is entitled to judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there

is a genuine issue as to the amount of the damages. Summary judgment, when appropriate, may be rendered against the moving party.

a summary judgment on the Trust's counterclaim seeking to limit the scope of the Third Beach easement to a strict construction of "swimming" and "sunbathing." Specifically, the Trust argues that the trial court erred as a matter of law by construing too broadly the terms "swimming" and "sunbathing" to include "walking the beach, reading a book, collecting shells, picnicking, and playing Frisbee or beach volleyball," as activities incidental or necessary to the proper enjoyment of the easement.

[¶ 17] We vacate the trial court's judgment on the Trust's motion for a summary judgment on its own counterclaim, but do so for reasons distinct from those advanced by the Trust. The determination of the activities incidental or necessary to the proper enjoyment of an easement is a question of fact. *See, e.g., Poire v. Manchester,* 506 A.2d 1160, 1163 (Me. 1986) (holding that the issue of whether the actual use of an easement was proper and reasonable is a question of fact); *Beckwith v. Rossi,* 157 Me. 532, 541, 175 A.2d 732, 738 (1961). In *Beckwith,* the holder of a profit a prendre, reserving the right to take gravel or granite from the real property of another, arranged to have holes drilled into the property in search of the ore. *Id.* at 533–34, 175 A.2d at 734. Although the holes were filled, the property owner brought suit for trespass, claiming that the act of drilling was beyond the scope of the easement. *Id.* We vacated the trial court's judgment granting the holder's motion for a summary judgment, concluding that the issue of what was reasonable for the proper exercise of a profit a prendre was an issue of fact, not law. *Id.* at 541, 175 A.2d at 738. In doing so, we noted the similarities between profits and easements. *Id.* at 536–37, 175 A.2d at 735–36. We determined that where the record reflects a dispute as to what consti-

tutes a proper exercise of the profit, "summary judgment for either party [is] not in order." *Id.* at 541, 175 A.2d at 738.

[¶ 18] In this case, the trial court erred in concluding as a matter of law that the Third Beach easement includes incidental and necessary activities such as picnicking, or playing volleyball or Frisbee. The question of which, if any, activities are encompassed within the easement is a factual one that requires an evidentiary hearing. The record likewise reflects that there is a factual dispute between the parties as to what activities are incidental or necessary. Accordingly, here, as in *Beckwith,* summary judgment is inappropriate.

C. The Trust's Counterclaim for Trespass and Nuisance

[¶ 19] In addition, we conclude that the trial court's judgment rejecting the Trust's counterclaims for trespass and nuisance is premature. The trial court, in its final order, effectively denied the Trust's motion for a partial summary judgment on its trespass and nuisance counterclaims, providing that "[NSS's] activities did not amount to trespass and nuisance" and that such a determination "resolve[s] all issues concerning counts II and III." We do not agree.

[¶ 20] The record in this case reflects several disputed genuine issues of material fact regarding NSS's activities on Third Beach in light of the scope of their deeded easement rights. NSS admits some of the Trust's allegations, such as the grounding of boats on the beach and the peaceful protest of a volleyball game, while contesting others such as its part in the litter and campfire remnants on the beach. Given this disputed factual record, the trial court acted appropriately in denying the Trust's motion for a partial summary judgment on the issue of NSS's liability for trespass and nuisance.

[¶ 21] The trial court erred, however, in finding that its denial of the Trust's partial summary judgment motion resolved the issue of NSS's liability for trespass and nuisance. The trial court's findings were made in light of the list of rights incidental or necessary to the easement fashioned by the court. As we indicated earlier, the existence of rights incidental to an easement is a question of fact, and the trial court erred in seeking to create an exhaustive list of incidental rights as a matter of law. Notwithstanding, it is well settled that a denial of a motion for summary judgment on substantive legal arguments is an interlocutory order. *U.S. Dep't of Agric., Rural Hous. Serv. v. Carter*, 2002 ME 103, ¶¶ 7–13, 799 A.2d 1232, 1234–36; *see also* Alexander, *Maine Appellate Practice* § 303(g) at 167 (2005). Rather than finally resolve these issues as a matter of law on a motion for summary judgment, the trial court should have denied the Trust's motion and ordered an evidentiary hearing on its counterclaims for trespass and nuisance.

The entry is:

Judgment granting the Trust's motion for summary judgment of NSS's complaint is affirmed. Final judgment on the Trust's motions for summary judgment on the Trust's counterclaims is vacated and remanded for proceedings consistent with this opinion.