STATE OF MAINE                                SUPERIOR COURT
ANDROSCOGGIN, ss.                             Docket No. CV-2010-053
                                              MCrk- AND -1/6/2011

BRIAN ROUX,                                   RECD AUBSC 01/06/11
                    Plaintiff,
v.

FRANKLIN D. GAMMON                            ORDER
and
AARON MASON
and
JON MASON & SON, INC.,
                    Defendants


The following came before the court and hearing was held on January 4, 2011:

1.  Defendant Franklin D. Gammon's motion for summary judgment pursuant to M.R. Civ. P. 56.

2.  Plaintiff Brian Roux's motion to dismiss the counterclaim of Defendant / Counterclaim Plaintiff Jon Mason & Son, Inc. for failing to comply with M.R. Civ. P. 13(a)(1), insufficient service of process pursuant to M.R. Civ. P. 12(b)(4), and failure to state a claim upon which relief can be granted pursuant to M.R. Civ. P. 12(b)(6).

3.  Defendants Aaron Mason & Jon Mason & Son, Inc.'s motion to amend its pleadings to permit its counterclaim.

4.  Defendant Franklin D. Gammon's motion for consolidation pursuant to M.R. Civ. P. 42.

5.

## BACKGROUND

On or about October 3, 1991, Defendant Franklin D. Gammon ("Gammon") acquired approximately 170 acres of land in Auburn, Maine from the Masonite Corporation by Quitclaim Deed with Covenant recorded in the Androscoggin Registry of Deeds. (Def.'s S.M.F. ¶ 1.) As of the date of conveyance, the 170-acre parcel of land was taxed as forest land by the City of Auburn pursuant to the Maine Tree Growth Tax

1

Law, 36 M.R.S. § 571, *et seq.*[1] (Def.'s S.M.F. ¶ 2.) The Tree Growth Tax Law defines "forest land" as "land used primarily for growth of trees to be harvested for commercial use, but does not include ... areas ... unsuitable for growing a forest product or for harvesting for commercial use even though these areas may exist within forest lands." 36 M.R.S. § 573(3) (2010).[2]

On January 20, 2000, Gammon conveyed a portion of the 170 acre property, approximately 6.3 acres, to Brian Roux ("Roux") by deed recorded in the Androscoggin County Registry of Deeds (the "Parcel"). (Def.'s S.M.F. ¶3.) The deed conveying the Parcel contained the following provision:

> Excepting and reserving to this grantor, for a period of ten years from the date of this deed, the timber located on the within conveyed premises and the right to harvest and remove the same.

(Def.'s S.M.F. ¶ 4; Def.'s Ex. B.) The deed also reserved to Gammon a "right of first refusal to purchase [the parcel] at the same price and upon the same terms as is offered to [Roux] to any bona fide purchaser." (Def.'s S.M.F. ¶ 5, *as qualified by* Pl.'s Opp. S.M.F. ¶ 5.) By instrument entitled "Easement Deed" dated January 20, 2000 and recorded in the Androscoggin County Registry of Deeds, Roux conveyed to Gammon an easement for a logging yard on a separate parcel of property owned by Roux upon which Gammon had reserved the right to cut and remove timber and a right of first refusal to purchase that separate parcel. (Def.'s S.M.F. ¶ 6, *as qualified by* Pl.'s Opp. S.M.F. ¶ 6.)

Several months before the parties executed the deeds, Roux approached Gammon on two occasions, asking him to sell the Parcel. (Def.'s S.M.F. ¶ 7.) Roux needed the Parcel to meet the zoning requirements for a barn on the separate parcel of land. (Def.'s S.M.F. ¶ 8, *as qualified by* Pl.'s Opp. S.M.F. ¶ 8.) The parties dispute

---

[1] Gammon cites to "36 M.R.S. § 551 et als." which governs real property taxes generally. (Def.'s S.M.F. ¶ 2.) The Maine Tree Growth Tax Law begins at 36 M.R.S. § 571.

[2] The definition of forest land also states:

> Land which would otherwise be included within this definition shall not be excluded because of:
>
> ...
>
> C. Deed restrictions, restrictive covenants or organizational charters that prevent commercial harvesting of trees or require a primary use of land other than commercial harvesting and that were effective prior to January 1, 1982 ...

36 M.R.S. § 573(3).

2

whether Roux told Gammon that he did not object to the removal of all of the timber upon the Parcel because Roux wanted to use the Parcel for additional pasturage for his animals. (Def.'s S.M.F. ¶ 10; Pl.'s Opp. S.M.F. ¶ 10.) Gammon asserts that before the parties executed the deed conveying the Parcel, he informed Roux that, as a condition, he would reserve the right to cut and remove all timber growing on the Parcel. (Def.'s S.M.F. ¶ 9(1); Pl.'s Opp. S.M.F. ¶ 9(1).) Roux asserts that he had no knowledge that, as a condition of the conveyance, Gammon would reserve the right to cut all of the timber on the Parcel. (Pl. S. Add'l M.F. ¶ 17.) Roux claims that the first time he became aware of Gammon's intent to reserve the right to cut timber on the Parcel was at the January 20, 2000 closing. (Pl.'s S. Add'l M.F. ¶¶ 20-21.) At no time prior to or at closing did Roux agree that Gammon could cut and remove all of the timber on the Parcel. (Pl.'s S. Add'l M.F. ¶ 23.)

Prior to January 20, 2000, Roux became familiar with Gammon's timber operations on nearby sections of a large tract of forest land. (Pl.'s S. Add'l M.F. ¶ 18.) The timber harvesting operations that Roux observed was carried out in a very well managed manner, with selective cutting of trees, little visible damage to uncut trees, and well laid out skidder trails in a wood yard. (Pl.'s S. Add'l M.F. ¶ 19.) Gammon's forest land that had been harvested, continued to have a large supply of growing trees with good spacing between trees for future growth. (*Id.*) Roux claims that based on his observation of the manner in which Gammon had been conducting timber harvesting operations on the separate parcel, he had no objection to similar timber harvesting practices at the closing. (Pl.'s S. Add'l M.F. ¶ 22, *as qualified by* Def.'s Rep. S.M.F. ¶ 22.)[3]

On May 27, 2009, Gammon retained Defendant Jon Mason & Sons, Inc. ("Jon Mason") pursuant to a written Timber Harvesting Agreement to cut and remove all of the timber on the Parcel. (Def.'s S.M.F. ¶ 11.) In the Spring of 2009, before Jon Mason began cutting and removing timber, Gammon and Defendant Aaron Mason ("Mason") met with Roux to advise him that they were beginning to harvest the timber on the Parcel. (Def.'s S.M.F. ¶ 12.) At the time of the meeting, Roux asked Gammon and Mason not to cut a few large pine trees near the road. (Def.'s S.M.F. ¶ 13; Def.'s Rep. S.M.F. ¶ 24.) Gammon refused. (Def.'s S.M.F. ¶ 13.) Roux asserts that he also told

---

[3] Also as a condition to the conveyance, Gammon required that Roux grant him an easement over an adjacent parcel for the purposes of constructing a logging yard. (Def.'s S.M.F. ¶ 9(2), *as qualified by* Pl.'s Opp. S.M.F. ¶ 9(2).)

3

Gammon that he objected to removing all of the timber from the Parcel. (Pl.'s Opp. S.M.F. ¶ 13; Pl.'s S. Add'l M.F. ¶ 24.) Gammon told Roux that he would cut all the trees on the Parcel. (Def.'s S.M.F. ¶ 13.)

Between approximately August 1, 2009 and October 1, 2009, Jon Mason cut and removed all of the standing timber on the Parcel. (Def.'s S.M.F. ¶ 14.) Roux repeatedly told Mason to cut the trees selectively and leave the younger, more immature trees to grow. (Pl.'s S. Add'l M.F. ¶ 25.) During the harvesting operation, Mason told Roux that Gammon instructed him to cut every tree on the Parcel and that is what Mason intended to do and did. (Def.'s S.M.F. ¶ 15; Pl.'s S. Add'l M.F. ¶ 26.)

Based on a licensed forester's field observations, the Parcel does not contain a stand of trees that could be classified as forest land at this time. (Pl.'s S. Add'l M.F. ¶ 27.) It will be approximately 50 years before any trees on the Parcel will be mature enough to produce any saw timber. (Pl.'s S. Add'l M.F. ¶ 28.)

On March 16, 2010, Roux entered a guilty plea to criminal mischief for an incident that occurred on September 25, 2009, in which he allegedly drove pieces of metal into a tree, knowing that Jon Mason would cut the tree. (Def.'s S.M.F. ¶ 16.) Roux denies the charges to which he pled guilty. (Pl.'s Opp. S.M.F. ¶ 16.)

### Docket # CV-10-053

In his amended complaint, filed on or around May 12, 2010, Roux alleges that the Defendants intentionally or knowingly cut down and carried away forest product without permission, in violation of 14 M.R.S. § 7552(4)(B). Defendant Gammon filed his answer on May 26, 2010 and a motion for summary judgment on October 26, 2010.

After unsuccessfully moving to dismiss the amended complaint, Defendants Jon Mason and Mason filed their answer on June 28, 2010. On September 10, 2010, Jon Mason filed a counterclaim against Roux alleging tortious interference with a contractual relationship and claiming punitive damages as a result of Roux's alleged spiking of the timber on the Parcel. Roux moves to dismiss Jon Mason's counterclaim alleging that Jon Mason and Mason failed to comply with M.R. Civ. P. 13(a)(1). Roux also moves to dismiss the counterclaim for insufficient service of process and for failure

4

to state a claim upon which relief can be granted. Jon Mason and Mason move to amend its pleadings to permit its counterclaim to proceed.[4]

## Docket # CV-10-135

On August 13, 2010, Gammon filed a complaint against Roux and Star L. O'Donnell as co-owners of a parcel of land adjacent to Gammon's property. Gammon alleges that Roux removed timber from his property and changed the boundary line between their properties. Gammon brings causes of action for: (1) a declaratory judgment on the location of the boundary; (2) intentional statutory trespass in violation of 14 M.R.S. § 7552(4)(B); (3) negligent statutory trespass in violation of 14 M.R.S. § 7552(4)(A); (4) common law trespass; and (5) intentional statutory trespass in violation of 14 M.R.S. § 7551-B. On October 22, 2010, Gammon filed a motion to consolidate docket number CV-10-053 and docket number CV-10-135 on the grounds that both actions involve allegations of trespass and illegal cutting of trees on abutting properties located in Auburn.

## DISCUSSION

1.      Motion for Summary Judgment

     a.      Standard of Review

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. M.R. Civ. P. 56(c). In considering a motion for summary judgment, the court must consider the facts in the light most favorable to the non-moving party, and the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *See e.g., Johnson v. McNeil*, 2002 ME 99, ¶ 8, 800 A.2d 702, 704. A contested fact is "material" if it could potentially affect the outcome of the suit under the governing law. *Inkel v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745, 747. A fact is "genuine" if there is sufficient evidence supporting the claimed fact to require a fact-finder to choose between competing versions of facts at trial. *Id.* For the purposes of

---

[4] Defendant Jon Mason & Son, Inc. filed the counterclaim, but both Defendant Jon Mason & Son, Inc. and Defendant Aaron Mason filed the opposition to the Plaintiff's motion to dismiss and the motion to amend.

summary judgment, factual disputes and ambiguities must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99, ¶ 8, 694 A.2d 924, 926.

b. Deed Interpretation

In this case, Roux's sole claim against Gammon is premised upon 14 M.R.S. § 7552, which prohibits a person from intentionally or knowingly removing forest product from another's land without permission.[5] Accordingly, Roux has the burden of proving that Gammon did not have permission to cut and remove the timber from the Parcel.

Whether Gammon had permission turns on the language of the deed conveying the Parcel to Roux. Construction of a deed is a question of law. *N. Sebago Shores, LLC v. Mazzaglia*, 2007 ME 81, ¶ 13, 926 A.2d 728, 733. This court must, "first attempt to construe the language . . . by looking only within the 'four corners' of the instrument." *Id.* (quoting *Pettee v. Young*, 2001 ME 156, ¶ 8, 783 A.2d 637, 640). "In evaluating the language of a deed, courts should give effect to the common or everyday meanings of the words in the instrument." *Id.* "If the language of the deed is unambiguous, then the court must construe the deed without considering extrinsic evidence of the intent of the parties. If the deed is ambiguous the court may admit extrinsic evidence of the parties' intent." *Pettee*, 2001 ME 156, ¶ 8, 783 A.2d at 640 (citation omitted). Thus, whether summary judgment is appropriate here depends on whether the language of the deed is ambiguous. Ambiguity exists when the language "is reasonably susceptible to more than one interpretation." *Madore v. Kennebec Heights Country Club*, 2007 ME 92, ¶ 7, 926 A.2d 1180.

---

[5] 14 M.R.S. §7552 states, in relevant part, that: "Without permission of the owner a person may not: A. Cut down, destroy, damage or carry away any forest product . . . from land not that person's own . . . " § 7552(2)(A). "A person who intentionally or knowingly violates subsection 2 is liable to the owner for 3 times the owner's damages . . . or $ 500, whichever is greater." §7552(4)(B).

Gammon asserts that the deed unambiguously reserves in him the right to cut and remove all timber from the Parcel. He points to the following provision in the deed:

> Excepting and reserving to this grantor, for a period of ten years from the date of this deed, the timber located on the within conveyed premises and the right to harvest and remove the same. (Def.'s S.M.F. ¶ 4; Def.'s Ex. B.)[6]

According to the plain language of the deed, there is no limitation on Gammon's right to cut and remove all of the timber located within the parcel. Where there is no limitation in the grant of timber as to the "size of tree, age, or adaptability for specified uses . . . and the grant is of standing timber, to be taken off in the future, the common understanding would be that the grantee might cut timber from the lot . . . until the right to cut shall have expired by limitation, either express or implied." *Donworth v. Sawyer*, 94 Me. 242, 256-57, 47 A. 521, 525 (1900); *see also id.* at 254, 524 ("It is not, as before said, a strained construction to hold that ordinarily a grant of growing timber to be construed most favorably to the grantee, conveyed the growth named with its increase, until the time for removal shall have elapsed.").[7] Because the deed unambiguously gave Gammon the right to cut and remove the timber located on the Parcel for ten years, he had permission to remove the trees and cannot be held liable for trespass under 14 M.R.S. § 7552.

Roux asserts, however, that Gammon impermissibly destroyed the Parcel's status as forest land under the Maine Tree Growth Tax Law. In general, the Maine Tree Growth Tax Law was established to give a favorable tax treatment to those individuals who own forest land, and who keep the land for the purpose of cultivating and harvesting forest products. 36 M.R.S. § 572. Contrary to Roux' claims, there is no

---

[6] Whether the conveyance is properly classified as an exception or a reservation is of no consequences for the purpose of this motion. *See Hall v. Hall*, 106 Me. 389, 391, 76 A. 705, 706 (1910).

[7] The Law Court has held that "a timber deed, whether in the form of a deed of the timber outright or in the form of a conveyance of the right to cut and remove timber, does not operate to convey the right to cut future growth; *in the absence of words clearly manifesting an intent to include more, the deed conveys only the growth in existence at the time of the conveyance.*" *Cushing v. State*, 434 A.2d 486, 497 (Me. 1981) (emphasis added). There appears is no dispute that Gammon cut all of the standing timber on the Parcel, including the younger trees. It is not clear whether the younger trees that Gammon removed were in existence at the time of the conveyance. However, Roux fails to raise such an allegation one way or the other.

7

requirement that a parcel of land maintain its status as forest land under the Tree Growth Tax Law. The Tree Growth Tax Law exempts any parcel consisting less than ten acres. *Id.* § 574-B. In this case, the Parcel is 6.3 acres and therefore the Tree Growth Tax Law does not apply.

Additionally, the Tree Growth Tax Law only imposes two consequences when an owner no longer maintains land as forest land: reclassification and withdrawal. *Id.* §§ 580, 581. Reclassification allows an assessor to reclassify land taxed as forest land. *Id.* § 580. Withdrawal applies to the owner of land who wishes to withdraw his property from the Tree Growth Tax Law. *Id.* § 581. Once a property owner withdraws his property from the Tree Growth Tax Law, he has to pay some of the taxes he has not paid previously. *Id.* The sale of a property to a new owner has no effect on taxation under the Tree Growth Tax Law, and only the current owner of the property is liable for any penalties of withdrawal imposed. *Id.* § 581-A.[8] Therefore, whether the Parcel was previously classified as forest land under the Tree Growth Tax Law is irrelevant to Roux' trespass claim.

Roux argues that the Tree Growth Tax Law creates and "implied condition" in the contract that is enforceable in accordance with *Top of the Track Assocs. v. Lewiston Raceways, Inc.*, 654 A.2d 1293 (Me. 1995). In that case, the plaintiff was contractually obligated to make certain improvements to a racetrack and to operate a concession stand during racing days. 654 A.2d at 1294. During the term of the contract, the defendant ceased operating the racetrack. *Id.* The defendant relied on an integration clause in the contract as a defense against the plaintiff's claim for breach of an implied

---

[8] Section 581-A states:

> Sale of a portion of a parcel of forest land subject to taxation under this subchapter does not affect the taxation under this subchapter of the resulting parcels, unless any is less than 10 forested acres in area. *Each resulting parcel must be taxed to the owners under this subchapter* until the parcel is withdrawn from taxation under this subchapter, in which case the penalties provided for in sections 579 and 581 apply only to the owner of that parcel. If a parcel resulting from that sale is less than 10 forested acres in area, that parcel must be considered withdrawn from taxation under this subchapter as a result of the sale and the penalty assessed against the transferor of the resulting parcel of less than 10 forested acres.

36 M.R.S. § 581-A (emphasis added). As mentioned, the Tree Growth Tax Law does not apply to parcels of less than ten acres. 36 M.R.S. § 574-B.

term in the agreement – the defendant's obligation to operate the racetrack. *Id.* at 1295. The Law Court stated that:

> The implication of a contract term is only justified when the implied term is not inconsistent with some express term of the contract and when there arises from the language of the contract itself, and circumstances in which it was entered into, an inference that it is absolutely necessary to introduce the term to effectuate the intention of the parties. In establishing the intent of the parties at the time the contract was executed the undertaking of each promisor in a contract must include any promises which a reasonable person in the position of the promisee would be justified in understanding were included.

*Id.* (citations and internal quotation marks omitted). Here, the implied condition at issue – that Gammon maintain the Parcel as forest land – is inconsistent with the express terms of the deed that allow him to harvest and remove the timber located within the Parcel. Additionally, the language of the deed itself does not give rise to an inference that it is absolutely necessary to introduce any implied condition in order to effectuate the intention of the parties.

Roux relies on the circumstances existing when the parties entered into the contract. At that time, the Parcel was designated forest land under the Tree Growth Tax Law. However, whether the Parcel remained forest land was not necessary to Gammon's right to harvest and remove the timber from the Parcel, as was the existence of racing necessary to the operation of concessions at a racetrack.[9] Moreover, given the broad grant in the deed, a person in Roux' position could not reasonably expect that a promise to maintain the Parcel as forest land would be included in the contract. The summary judgment record does not establish that the *Top of the Track* exception applies in this case.

Accordingly, Gammon's motion for summary judgment on Roux' claims is GRANTED. The deed unambiguously gives Gammon permission to cut and remove the timber from the Parcel. Motion to Dismiss Counterclaim / Motion to Amend Pleadings

---

[9] Further, the Law Court later limited *Top of the Track* to its unique facts "involving one business whose success was wholly dependent upon the operation of the other and where the dependent business had significantly changed position and been encouraged to spend funds in responsible anticipation of continued operation of the race track." *Haines v. Great N. Paper, Inc.*, 2002 ME 157, ¶ 14, 808 A.2d 1246, 1250. Here, there is no suggestion that this case involves two wholly dependent businesses.

Though Jon Mason and Mason did not move to amend their answer to add a counterclaim until a month after they filed the counterclaim, this court's scheduling order, issued on June 23, 2010, allows amendment of pleadings within four months. Therefore, the counterclaim is not untimely. Additionally, Roux has not demonstrated that he will suffer prejudice if the Mason defendants' counterclaim proceeds. Therefore, the court GRANTS the motion to amend the pleadings and DENIES Roux' motion to dismiss Jon Mason's counterclaim.

2.      Motion for Consolidation

Because Gammon's motion for summary judgment is granted, there are no further issues between Gammon and Roux in *Roux v. Gammon*, CV-10-53. Therefore, the Defendant's motion for consolidation is DISMISSED as moot.

## CONCLUSION

Based on the forgoing, the entry shall be:

1.      Defendant Franklin D. Gammon's motion for summary judgment is GRANTED.

2.      Plaintiff Brian Roux's motion to dismiss the counterclaim of Defendant/Counterclaim Plaintiff Jon Mason & Son, Inc. is DENIED.

3.      Defendants Aaron Mason and Jon Mason & Son, Inc.'s motion to amend the pleadings is GRANTED.

4.      Defendant Franklin D. Gammon's motion for consolidation is DISMISSED as moot.

Dated: January 6, 2011

MaryGay Kennedy
Justice, Maine Superior Court

10

BRIAN ROUX  - PLAINTIFF

Attorney for: BRIAN ROUX
STEPHEN BEALE  - RETAINED 03/22/2010
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
PO BOX 3200
AUBURN ME 04212-3200


VS
FRANKLIN D GAMMON  - DEFENDANT

Attorney for: FRANKLIN D GAMMON
PAUL DOUGLASS  - RETAINED 05/06/2010
PAUL S DOUGLASS PA
471 MAIN STREET
PO BOX 1346
LEWISTON ME 04243-1346


JON MASON & SON INC - DEFENDANT

Attorney for: JON MASON & SON INC
AARON K BALTES  - RETAINED 04/16/2010
NORMAN HANSON & DETROY
415 CONGRESS STREET
PO BOX 4600
PORTLAND ME 04112-4600


AARON MASON  - DEFENDANT

Attorney for: AARON MASON
AARON K BALTES  - RETAINED 04/16/2010
NORMAN HANSON & DETROY
415 CONGRESS STREET
PO BOX 4600
PORTLAND ME 04112-4600

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No  AUBSC-CV-2010-00053

**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: OTHER CIVIL
Filing Date: 03/22/2010

## Docket Events:

03/22/2010 FILING DOCUMENT - COMPLAINT FILED ON 03/22/2010

03/22/2010 Party(s):  BRIAN ROUX
          ATTORNEY - RETAINED ENTERED ON 03/22/2010
          Plaintiff's Attorney: STEPHEN BEALE

03/22/2010 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 03/22/2010

04/12/2010 Party(s):  FRANKLIN D GAMMON
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 04/06/2010
          THROUGH JOHN MASON

04/14/2010 Party(s):  JON MASON & SON INC

SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 04/08/2010
JON MASON & SONS THROUGH JOHN GEISMAR, ESQ.

04/14/2010 Party(s): JON MASON & SON INC
SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 04/14/2010

04/14/2010 Party(s): AARON MASON
SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 04/10/2010
AARON MASON

04/14/2010 Party(s): AARON MASON
SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 04/14/2010

04/16/2010 Party(s): JON MASON & SON INC,AARON MASON
MOTION - MOTION TO DISMISS FILED ON 04/16/2010
WITH MEMORANDUM OF LAW                                          REC'D ON 5/7/10
OPPOSITION REC'D

05/05/2010 Party(s): FRANKLIN D GAMMON
SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 04/09/2010

05/07/2010 Party(s): FRANKLIN D GAMMON
LETTER - FROM PARTY FILED ON 05/06/2010
LETTER FROM PAUL DOUGLASS, ESQ. STATING THAT HE WILL NOT BE FILING AN ANSWER TO THE
ORIGINAL COMPLAINT BUT HE WILL TO THE AMENDED PER AGREEMENT WITH PLT'S COUNSEL.

05/13/2010 Party(s): BRIAN ROUX
MOTION - MOTION TO AMEND PLEADING FILED ON 05/12/2010
WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING

05/20/2010 Party(s): JON MASON & SON INC,AARON MASON
MOTION - MOTION TO DISMISS FILED ON 05/19/2010
MOTION TO DISMISS AMENDED COMPLAINT REC'D ON 6/9/10 PLT'S OPPOSITION

05/21/2010 Party(s): BRIAN ROUX
MOTION - MOTION TO AMEND PLEADING GRANTED ON 05/21/2010
THOMAS E DELAHANTY II, JUSTICE
COPIES TO PARTIES/COUNSEL

05/21/2010 Party(s): BRIAN ROUX
SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 05/21/2010

05/21/2010 Party(s): JON MASON & SON INC,AARON MASON
MOTION - MOTION TO DISMISS MOOT ON 05/21/2010
THOMAS E DELAHANTY II, JUSTICE

05/21/2010 Party(s): JON MASON & SON INC
ATTORNEY - RETAINED ENTERED ON 04/16/2010
Defendant's Attorney: AARON K BALTES

Party(s): AARON MASON
ATTORNEY - RETAINED ENTERED ON 04/16/2010
Defendant's Attorney: AARON K BALTES

05/21/2010 Party(s):  FRANKLIN D GAMMON
         ATTORNEY - RETAINED ENTERED ON 05/06/2010
         Defendant's Attorney: PAUL DOUGLASS

05/27/2010 Party(s):  FRANKLIN D GAMMON
         RESPONSIVE PLEADING - ANSWER TO AMENDED PLEADING FILED ON 05/26/2010
         WITH AFFIRMATIVE DEFENSES

06/21/2010 Party(s):  JON MASON & SON INC,AARON MASON
         MOTION - MOTION TO DISMISS DENIED ON 06/21/2010
         THOMAS E DELAHANTY II, JUSTICE
         IN REVIEWING A MOTION TO DISMISS A COMPLAINT, THE COURT CONSIDERS PLAINTIFF'S FACTUAL
         ALLEGATIONS AS TRUE AND PROVABLE AT TRIAL. THE MOTION TO DISMISS TESTS THE LEGAL THEORY OF
         THE COMPLAINT. THE COURT APPLIES THIS TEST- THE MOTION TO DISMISS THE AMENDED COMPLAIANT
         IS DENIED.

06/23/2010 ORDER - SCHEDULING ORDER ENTERED ON 06/23/2010
         THOMAS E DELAHANTY II, JUSTICE
         ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
         PARTIES/COUNSEL

06/23/2010 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 02/23/2011

06/23/2010 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 06/23/2010
         THOMAS E DELAHANTY II, JUSTICE

06/28/2010 Party(s):  JON MASON & SON INC,AARON MASON
         RESPONSIVE PLEADING - ANSWER TO AMENDED PLEADING FILED ON 06/28/2010
         JON MASON & SONS AND AARON MASON

08/23/2010 Party(s):  FRANKLIN D GAMMON
         LETTER - FROM PARTY FILED ON 08/20/2010
         PARTIES AGREE TO EXTENSION OF ADR TO DECEMBER 23, 2010

08/26/2010 Party(s):  BRIAN ROUX
         LETTER - FROM PARTY FILED ON 08/26/2010
         FROM STEPHEN BEALE, ESQ. REGARDING ADR

09/13/2010 Party(s):  JON MASON & SON INC
         RESPONSIVE PLEADING - COUNTERCLAIM FILED ON 09/10/2010
         OF JON MASON & SONS, INC.

09/30/2010 Party(s):  BRIAN ROUX
         MOTION - MOTION TO DISMISS FILED ON 09/29/2010
         MOTION TO DISMISS COUNTERCLAIM REC'D ON 10/15/10 OPPOSITION REC'D ON 10/22/10 REPLY

10/25/2010 Party(s):  FRANKLIN D GAMMON
         MOTION - MOTION FOR CONSOLIDATION FILED ON 10/22/2010
         WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING  REC'D 10-29-10:  OPPOSITION OF PLT
         FILED.

10/26/2010 Party(s):  FRANKLIN D GAMMON

MOTION - MOTION SUMMARY JUDGMENT FILED ON 10/26/2010
WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING DEF FRANKLIN GAMMON REC'D ON
11/16/10 PLT'S OPPOSITION REC'D ON 11/24/10 DEF'S REPLY

11/10/2010 Party(s): JON MASON & SON INC,AARON MASON
LETTER - FROM PARTY FILED ON 11/10/2010
LETTER FROM AARON BALTES, ESQ. STATING THAT THE MASON DEF'S HAVE NO OBJECTION TO THE
MOTION FOR SUMMARY JUDGMENT

12/02/2010 Party(s): BRIAN ROUX
OTHER FILING - OTHER DOCUMENT FILED ON 12/01/2010
LETTER FROM AARON BALTES

12/06/2010 Party(s): BRIAN ROUX
OTHER FILING - OPPOSING MEMORANDUM FILED ON 12/06/2010
PLT'S OBJECTION TO DEF'S REPLY TO PLT'S STATEMENT OF ADDITIONAL MATERIAL FACT NO 22

12/10/2010 Party(s): BRIAN ROUX
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 12/10/2010
ADR DEADLINES

12/15/2010 HEARING - MOTION SUMMARY JUDGMENT SCHEDULED FOR 01/04/2011 @ 9:00

12/16/2010 Party(s): BRIAN ROUX
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 12/16/2010
MARYGAY KENNEDY , JUDGE
ADR IS EXTENDED TO THE DATE WHICH IS 60 DAYS AFTER THE DATE ON WHICH THIS COURT ISSUES AN
ORDER ON DEFENDANT'S GAMMON'S PENDING MOTION FOR SUMMARY JUDGMENT. COPIES TO COUNSEL ON
12-16-10

12/28/2010 Party(s): JON MASON & SON INC,AARON MASON
MOTION - MOTION TO AMEND PLEADING FILED ON 10/15/2010
WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING

01/05/2011 HEARING - MOTION SUMMARY JUDGMENT HELD ON 01/04/2010
MARYGAY KENNEDY , JUDGE
Defendant's Attorney: PAUL DOUGLASS
Plaintiff's Attorney: STEPHEN BEALE
L. CLINTON BOOTHBY, ESQ. AND CHARLES HEDRICK, ESQ. FOR THE DEFENDANTS  TAPE 658 INDEX
7124-END AND TAPE 660 INDEX 54-1031  MATTER TAKEN UNDER ADVISEMENT

01/07/2011 Party(s): JON MASON & SON INC,AARON MASON
MOTION - MOTION TO AMEND PLEADING GRANTED ON 01/06/2011
MARYGAY KENNEDY , JUDGE
COPIES TO PARTIES/COUNSEL

01/07/2011 Party(s): FRANKLIN D GAMMON
MOTION - MOTION SUMMARY JUDGMENT GRANTED ON 01/06/2011
MARYGAY KENNEDY , JUDGE
COPIES TO PARTIES/COUNSEL

01/07/2011 Party(s): FRANKLIN D GAMMON
MOTION - MOTION FOR CONSOLIDATION MOOT ON 01/06/2011

MARYGAY  KENNEDY , JUDGE

01/07/2011 Party(s):  BRIAN ROUX
MOTION - MOTION TO DISMISS DENIED ON 01/06/2011
MARYGAY  KENNEDY , JUDGE
COPIES TO PARTIES/COUNSEL

01/07/2011 FINDING - JUDGMENT DETERMINATION ENTERED ON 01/06/2011
MARYGAY  KENNEDY , JUDGE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL

ORDER - SUMMARY JUDGMENT ENTERED ON 01/06/2011
MARYGAY  KENNEDY , JUDGE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL
Judgment entered for FRANKLIN D GAMMON and against BRIAN ROUX.

A TRUE COPY
ATTEST: _____
                        Clerk