Matthew E. HOLDEN et al.

v.

Miriam MORGAN et al.

Supreme Judicial Court of Maine.

Argued Sept. 5, 1986.
Decided Oct. 24, 1986.

Skelton, Taintor, Abbott & Orestis, Charles H. Abbott, (orally), Lewiston, for plaintiff.

Aldrich & Aldrich, Rupert F. Aldrich, South Paris, William E. McCarthy (orally), Rumford, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

McKUSICK, Chief Justice.

Defendants Miriam Morgan and Bruce Thurlow[1] appeal from the October 22, 1985, judgment of the Superior Court (Oxford County) imposing upon them, pursuant to 14 M.R.S.A. § 7552 (Supp.1985)[2], treble damages, attorney's fees, and costs for "knowingly" cutting timber earlier in 1985 on the northerly portion of a parcel of land claimed by plaintiffs Matthew and Darlene Holden. The Holdens' source of title to that land, which is located near Snow Falls in West Paris, is a 1972 deed from Alvah Hendrickson, Morgan's father. We find no merit in either of Morgan's arguments on appeal that the Superior

---

**1.** Thurlow, who cut wood on the disputed premises at the direction of Morgan, was named co-defendant in the original complaint and joined Morgan in filing a notice of appeal from the judgment entered against them both. However, their joint brief treats Morgan as the primary defendant and frames its arguments without reference to Thurlow. Thurlow is nonetheless bound by the decision herein.

**2.** 14 M.R.S.A. § 7552 (Supp.1985) provides: "Whoever cuts down, destroys, injures or carries away any ... timber, wood, underwood, ... goods or property from any land not his own, without license of the owner ... is liable in damages to the owner in a civil action. If such an act or such acts are committed willfully or knowingly, the defendant is liable to the owner in treble damages and, in addition, for the cost of any professional services necessary for the determination of damages, for attorney's fees, and for court costs."

Court erred by excluding extrinsic evidence of Hendrickson's intent.

■ Hendrickson's 1972 deed to the Holdens granted them a right of way "over the old discontinued town road which crosses other land of the Grantor." Nothing similar to that right of way had appeared in any prior deed in the chain of title. Morgan contends that the addition of that right of way rendered the 1972 deed ambiguous because the "other land of the Grantor" referred to in her father's deed is arguably the disputed northern portion, over which an old town road did in fact run. Relying on appeal on that asserted ambiguity, Morgan argues that the Superior Court erred at trial by refusing to admit extrinsic evidence of Hendrickson's intent in making the 1972 conveyance. We must reject Morgan's argument. It is only when "the language of the deed is ambiguous and the intention of the parties is in doubt [that] the court may ... examine the deed in light of extrinsic circumstances surrounding its execution." *Cushing v. State*, 434 A.2d 486, 494 (Me.1981). *See also Gillespie v. Worcester*, 322 A.2d 93, 95 (Me.1974). There was nothing ambiguous in the 1972 deed. By an explicit and unmistakable metes-and-bounds description, that deed conveyed to the Holdens the land on which Morgan directed timber to be cut. The granting of a right of way over "other land" of the grantor does not by itself raise any doubt about the meaning of that plain description. In any event, exhibits in the record show that after his conveyance to the Holdens, Hendrickson retained abutting land over which the old town road also extended. The 1972 deed being unambiguous, the Superior Court correctly ruled extrinsic evidence of the grantor's intent to be inadmissible.

■ Morgan also contends that the Superior Court should have admitted extrinsic evidence of Hendrickson's statements to her in order to show whether she acted "knowingly" or "willfully" for purposes of the treble damages provision of section 7552. It is doubtful that Morgan adequately preserved this alleged error for appellate review, by making the offer of proof required by M.R.Evid. 103(a)(2). In any event, however, we can find no reversible error here. Before arranging for the timber cutting, Morgan had learned from both an official of the Town of West Paris and an attorney representing the Holdens that the Holdens claimed ownership of the land. From that evidence the Superior Court properly concluded that Morgan had acted "knowingly," and that finding without more supports fully the judgment entered against her under section 7552. Any evidence of Hendrickson's statements to Morgan would have gone only to the superfluous issue of whether Morgan had also acted "willfully."

The entry is:

Judgment affirmed.

Costs and attorney's fees on appeal are awarded to plaintiff-appellees.

Remanded for determination of attorney's fees allowable on this appeal.

All concurring.