STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-21-132

THOMAS PERRY and
DIANE PERRY,

    Plaintiffs / Counterclaim Defendants,

v.

CHARLENE YOUNG,

    Defendant / Counterclaim Plaintiff

**ORDER ON MOTION FOR
RECONSIDERATION AND
MOTION FOR VIEW**

REC'D CUMB CLERKS OFC
MAR 29 '23 PM 12:00

Before the Court are Plaintiffs' Motion for Reconsideration of the Court's Order on Motion for Partial Summary Judgment issued January 5, 2023 and Plaintiffs' Motion for a View. For the following reasons, the Court grants the Motion for Reconsideration in part and denies the Motion for a View.

**Legal Standard**

"A motion for reconsideration of an order 'shall not be filed unless required to bring to the court's attention an error, omission or new material that could not previously have been presented.'" *U.S. Bank Nat'l Ass'n v. Manning*, 2020 ME 42, ¶ 34, 228 A.3d 726 (quoting M.R. Civ. P. 7(b)(5)). A motion for reconsideration of the judgment is treated as a motion to alter or amend the judgment. M.R. Civ. P. 59(e). A motion to alter or amend the judgment will not be granted "unless it is reasonably clear that prejudicial error has been committed or that substantial justice has not been done." *Cates v. Farrington*, 423 A.2d 539, 541 (Me. 1980).

1

**Plaintiffs-John Turcotte, Esq.
Defendant-Sarah McDaniel, Esq.**

## Discussion

The Motion for Reconsideration argues that the Court should have concluded that the express easement included passage onto the walkway from the driveway and must include passage from the driveway to the location of the septic tank between the Perry house and garage for purposes of septic maintenance.

The Court is not persuaded by Plaintiffs' first argument and so declines to amend the Order to reflect the walkway as part of the express easement. The Court is also not persuaded that the express easement along the existing road has a latent ambiguity or must include septic access. However, the Court will amend its Order to reflect that its findings and conclusions were based on the express easement over the existing road only. The Court's Order did not intend to foreclose any additional arguments under Plaintiffs' Count I regarding easement rights stemming from outside of the express easement provision that the Court considered on summary judgment.

At this time, the Court does not believe a view is necessary. The Motion for a View is denied without prejudice.

## The entry is

Plaintiffs' Motion for a View is DENIED without prejudice.
Plaintiffs' Motion for Reconsideration is GRANTED IN PART. The entry of judgment in the Court's Order on Motion for Partial Summary Judgment issued January 5, 2023 is hereby AMENDED such that where it originally read,

> Defendant's Motion for Partial Summary Judgment is GRANTED IN PART as follows.
> Summary Judgment is GRANTED in favor of Defendant on Plaintiffs' Count I.
> Summary Judgment is DENIED on Plaintiffs' Count II and Defendant's Count I.

it shall now read:

> Defendant's Motion for Partial Summary Judgment is GRANTED IN PART as follows.

2

Summary Judgment is GRANTED to Defendant on Plaintiffs' Count I to the extent the easement rights Count I asserts are based on the express easement in the deeds reserving "to David A. Foss et al, their heirs and assigns, a right of way on the said existing road, to the buildings on Lot No. 11 where it passes through Lot No. 12 on said Plan" and granting "a right of way on the existing road to the then buildings where it passes through the adjoining lot numbered 12."
Summary Judgment is DENIED on Plaintiffs' Count II and Defendant's Count I.

The clerk is directed to incorporate this Order on the docket by reference. M.R. Civ. P. 79(a).

_3/29/23_
**DATE**

_Michael_
**JUSTICE, MAINE SUPERIOR COURT**
M Michaela Murphy

Entered on the Docket: _03/29/23_

3

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-21-132

THOMAS PERRY and
DIANE PERRY,

      Plaintiffs / Counterclaim Defendants,

v.

CHARLENE YOUNG,

      Defendant / Counterclaim Plaintiff

**ORDER ON MOTION FOR
PARTIAL SUMMARY
JUDGMENT**

Before the Court is Defendant Charlene Young's Motion for Partial Summary Judgment on Plaintiffs Thomas and Diane Perry's Counts I and II and on Count I of Young's Counterclaim. Plaintiffs' Count I seeks a declaratory judgment clarifying the location and scope of the easement. Plaintiffs' Count II seeks an injunction ordering Young to cease interference with the easement. Defendant's Count I seeks a declaratory judgment that the Perrys' use of the Young lot exceeds the scope of the easement and an injunction ordering them to limit their use to what is allowed under the easement.

**Background**

This Motion concerns two contiguous parcels of land that share a portion of driveway. The parties each own one of the two lots. The Perrys claim Young is interfering with their easement rights over her lot, while Young claims the Perrys are exceeding their easement rights.

The following facts are not disputed unless otherwise noted. Plaintiffs Thomas and Diane Perry own property at 61 Eleanor Avenue in Standish, Maine ("Perry lot"), and Defendant Charlene Young owns property at 63 Eleanor Avenue in Standish ("Young lot"). Supp.'g S.M.F.

1

REC'D CUMB CLERKS OF
JAN 5 '23 PM1:38

("SMF") ¶¶ 1-2; Opp. S.M.F. ("OSMF") ¶¶ 1-2. In their legal deed descriptions, the Perry lot is identified as Lot 11, while the Young lot is Lot 12. SMF ¶ 3; OSMF ¶ 3. The lots are contiguous. SMF ¶ 4; OSMF ¶ 4 (qualifying SMF ¶ 4 on other grounds). They were both owned by the father of Thomas Perry and Charlene Young when he passed away in 2016. SMF ¶ 9; OSMF ¶ 10 (qualifying SMF ¶ 9 on other grounds). When the parties' father died, Thomas Perry became the personal representative of the father's estate. SMF ¶ 10; OSMF ¶ 11. In this capacity, Thomas Perry distributed the Young lot to Charlene and the Perry lot to himself by deeds that reserved and granted an easement over the Young lot benefitting the Perry lot. SMF ¶¶ 10-12, 14, 15; OSMF ¶¶ 11-13, 15, 16.[1]

The 2017 deed of distribution for the Young lot excepts and reserves "to David A. Foss et al, their heirs and assigns [the Perry lot], a right of way on the said existing road, to the buildings on Lot No. 11 where it passes through Lot No. 12 on said Plan." SMF ¶ 15; OSMF ¶ 16.[2] The deed of distribution of the Perry lot includes "a right of way on the existing road to the then buildings where it passes through the adjoining lot numbered 12." SMF ¶ 14; OSMF ¶ 15.[3]

Approaching the lots from Eleanor Avenue and heading toward Watchic Lake, the road as it existed in 2017 crossed the lots' shared boundary at two locations – first, it crossed onto the Young lot from the Perry lot before reaching the garage, and then it crossed back onto the Perry lot on the water side of the house. SMF ¶ 18; OSMF ¶ 19. Young claims the road in existence in 2017 ran through the Young lot parallel with the common boundary until a point after it passed

---

[1] SMF ¶ 15 is qualified by OSMF ¶ 16 as follows: "The recorded document speaks for itself, however any prior easements were terminated once Charles Perry owned both Lots 11 and 12. Mr. Perry is the grantor of the easement at issue in this case." The Court recognizes that the parties do not dispute that Thomas Perry distributed the lots and the easement in question in his capacity as Personal Representative to his father's estate.
[2] The "Plan" referenced in the deed is attached as Plaintiffs' Exhibit 4 and shows the spatial relationship of lots 11 and 12. *See Sleeper v. Loring,* 2013 ME 112, ¶ 13, 83 A.3d 769 (plans referenced in deeds are incorporated therein).
[3] The deeds contain other easements, but the parties only dispute the scope and location of the easement running over the existing road.

2

the main house on the Perry lot where it turned right and entered the Perry lot. SMF ¶ 17. The Perrys qualify SMF ¶ 17, arguing that Young fails to provide any documented evidence of the shared driveway as it existed in 2017 but admitting that Young's preliminary survey (Pl.'s Ex. 6; Def.'s Ex. L) shows the road as it existed in 2018. OSMF ¶ 18. The parties' exhibits also include site plans for the lots from 1980 depicting the road and past and recent photographs showing the location of the road, fence, and earthen materials.

Although some of the above facts are technically opposed, that opposition is not sufficient to create any genuine dispute of material fact affecting what is outlined above. On the other hand, the parties dispute regarding whether Young's fence interferes with the Perry's easement. At some point after the conveyance of the lots, Young erected a fence near the lots' shared boundary line. Young claims that this fence is a foot into her lot from the common boundary and does not interfere with vehicles' ability to enter the Perry lot at the front of the house. SMF ¶¶ 23-24. The Perrys counter that while the fence itself does not encroach on the easement, rocks and earthen materials next to the fence do encroach on the easement by five to six feet, narrowing the existing road. OSMF ¶¶ 24-25. They also claim that the fence interferes with access to the house's front door, the garage's pedestrian door, the septic system and oil delivery on the Perry lot, and parking and storage beside the garage. OSMF ¶¶ 25-26; Statement of Additional Material Fact ("SAMF") ¶¶ 47, 60-62. The parties do agree that between July and November 2020, the Perrys cut two locks that Young had placed on a gate in the fence to access their septic system. SMF ¶ 30; OSMF ¶ 30.

The Perrys filed suit alleging that Young's fence interferes with their easement rights. The Perrys seek declaratory and injunctive relief defining and protecting their easement rights. Young counterclaims with three counts. Her Count I, relevant to this Motion, seeks declaratory

3

and injunctive relief defining the easement's scope and location and ordering the Perrys to refrain from exceeding their easement rights.

**Legal Standard**

A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof. M.R. Civ. P. 56(a). A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits referred to in the Rule 56(h) statements show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c). The court may not decide any genuine issue of fact on a summary judgment motion. *Cottle Enters., Inc. v. Town of Farmington*, 1997 ME 78, ¶ 11, 693 A.2d 330. A factual dispute is material if it may affect the outcome of the litigation. *Stewart-Dore v. Webber Hosp. Ass'n.*, 2011 ME 26, ¶ 8, 13 A.3d 773. The facts must be considered in the light most favorable to the non-moving party, and the court will resolve disputes against the moving party. *Mahar v. StoneWood Transp.*, 2003 ME 63, ¶ 8, 823 A.2d 540. Facts are deemed admitted unless properly controverted. M.R. Civ. P. 56(h)(4). When facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Kenny v. Dept. of Hum. Servs.*, 1999 ME 158, ¶ 3, 740 A.2d 560.

## Discussion

Before deciding whether the Motion should be granted as to the three claims at issue, the Court addresses a legal issue common to the three counts – that is, the precise location and scope of the easement in question. The Perrys claim Young's fence is preventing them from enjoying full access to their easement over her land, and Young argues that the Perrys continue to access portions of her property that are not within the easement.[4]

As the parties note, construction of a deed, including interpretation of an express easement, is a question of law and not fact. When interpreting a deed, the Court is expected to begin with a "four corners" approach to discern intent. "The scope of a party's easement rights must be determined from the unambiguous language on the face of the deed. Only if language in a deed is ambiguous may a court consider extrinsic evidence to determine the intent of the parties." *Matteson v. Batchelder*, 2011 ME 134, ¶ 16, 32 A.3d 1059 (quoting *Jordan v. Shea*, 2002 ME 36, ¶ 14, 791 A.2d 116). To determine whether there is any ambiguity, courts give language in a deed its general and ordinary meaning. *Green v. Lawrence*, 2005 ME 90, ¶ 7, 877 A.2d 1079.

Considering the general and ordinary meaning of the language in the Lot 11 and 12 deeds and no other evidence, the Court finds that the easement at issue is unambiguous. Therefore no extrinsic evidence is necessary or admissible to interpret the easement.[5] The easement runs only along the existing road, and the grantor's intent was to allow access to the garage and main house on the Perry lot. The parties agree that the "existing road" refers to the driveway as it existed in

---

[4] Young also argues that the Perrys' responses and objections to the Statement of Material Facts should be struck such that Plaintiff's Statement of Material Facts is admitted in its entirety. Young argues the structure of the Opposition is confusing and that it is unclear to which facts the Perrys are responding. The Court finds that the Opposition is clear enough to follow and does not deem the Perrys' material facts admitted on this ground.
[5] Because extrinsic evidence is not admissible to interpret the deed, the Court finds the parties' disputes regarding the historical use of the easement and the spoken intentions of the grantor are irrelevant to this Motion. *Holden v. Morgan*, 516 A.2d 955, 956 (Me. 1986).

5

2017 when the easement was conveyed, and neither party suggests the road has ever changed location. Therefore the Court finds there is no latent ambiguity with respect to the location of the "existing road," which the parties also refer to as the driveway. *See Taylor v. Hanson*, 541 A.2d 155, 157 (Me. 1988) (A latent ambiguity occurs "when, in applying the description to the ground, facts extrinsic to the document controvert or in some way render unclear the deed's apparently unambiguous terms."). The Court finds the language of the easement is entirely unambiguous.

Having clarified that the easement over the Young lot is confined to the road and was granted for the limited purpose of accessing the buildings, the Court now considers the counts relevant to this Motion for Summary Judgment.

*A. Plaintiffs' Count I*

Plaintiffs' Count I seeks a declaration that the Perrys have easement rights over the Young lot to access the front and rear of the Perry garage by vehicle and pedestrian use, a Central Maine Power utility pole, their septic system, their utilities including oil, their front door by vehicle and pedestrian use, the whole easement, and their structures. The Court has found that easement exists within the bounds of the road for the purpose of accessing the garage and house on the Perry lot. The undisputed record shows the Perrys are able to access both buildings via the road. The easement does not specify any particular means or specific entrance for accessing the buildings. It does not specify any purpose other than building access. Therefore, the Court grants Defendant's Motion as to Plaintiffs' Count I, and judgment is issued against Plaintiffs on their Count I. The Court declares that the Perrys' right of way is limited to passage along the road for the purpose of accessing the house and garage on the Perry lot and that the easement permits the Perrys to use the road to enter onto the Perry lot only at the two locations where the road crosses

6

the shared boundary—that is, at the parking area on the water side of the house and on the Eleanor Avenue side of the garage.

### B. Plaintiffs' Count II

Plaintiffs' Count II seeks to enjoin Young from interfering with the Perrys' right of way. The Perrys' case rests upon their assertion that Young's fence impedes the use and enjoyment of their easement. The Perrys claim that the fence itself does not interfere with the road, but that the rocks and earthen materials alongside the fence narrow the easement by five to six feet. OSMF ¶ 24. Young argues that the rocks and earthen materials do not encroach on the easement. SMF ¶¶ 23-24. The Court finds this disagreement is a genuine dispute of material fact such that summary judgment will not be granted on this count. Therefore, the Court denies Defendant's Motion as to Plaintiffs' Count II.

### C. Defendant's Count I

Defendant's Count I seeks a declaratory judgment that the Perrys' continuing use of areas on the Young lot outside the road exceeds the scope and location of their rights. It also requests an injunction ordering the Perrys to refrain from using portions of the Young lot that are outside the easement. The Court cannot find that judgment as a matter of law is warranted on Defendant's Count I. The record speaks to historical use and events, but the record is not clear about how the Perrys continue to exceed the bounds of the easement, or whether the Perrys have exceeded the bounds or scope of their easement rights since the completion of the fence. Therefore, the Court finds that Young has not carried her burden to show summary judgment should be granted on Defendant's Count I, and summary judgment as to Defendant's Count I is denied.

7

**Conclusion**

The Court finds that the easement is limited to use of the existing road for building access as described above. Therefore, it grants Defendant's Motion for Partial Summary Judgment as to Plaintiffs' Count I. The Motion is denied with respect to Plaintiffs' Count II and Defendant's Count I.

The entry is:

Defendant's Motion for Partial Summary Judgment is GRANTED IN PART as follows.

Summary Judgment is GRANTED in favor of Defendant on Plaintiffs' Count I.

Summary Judgment is DENIED on Plaintiffs' Count II and Defendant's Count I.

The clerk may enter this Order on the docket by reference. M.R. Civ. P. 79(a).

Date: 1/5/23          Signed: _____

M. Michaela Murphy
Justice, Maine Superior Court

Entered on the Docket: 01/10/2023
_mc_

Plaintiffs-John Turcotte, Esq.
Defendant-Sarah McDaniel, Esq.

8